## STEELE v. SOUTHERN RY.

1. NEGLIGENCE— PRESUMPTION — RAILROADS — FREIGHT TRAINS — PASSENGER.—Proof of injury to a passenger by a freight train is presumptive of negligence on part of carrier, but such presumption is rebuttable. Reasons for rule stated.

2. IBID.—IBID.—IBID.—IBID.—IBID.—A railroad in operating a freight train is required to exercise the highest degree of care necessary to operate such train for its primary uses, and a passenger on such train assumes the risks incident to the proper handling of such train.

Before GARY, J., October term, 1898. Reversed.

Action for damages received while riding on a freight train by W. M. Steele against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *Jno. P. Thomas, jr.,* for appellant. The latter cites: *The rule that negligence should be presumed from injury on railroad has been modified:* 20 S. C., 254; 19 S. C., 59; 16 N. W. R., 388. *Rule as to liability of railroads to passengers on freight trains:* 93 U. S., 295; 11 S. E. R., 555; 53 Mo. App., 462; 26 Ill., 373; 38 Fed., 822; 33 N. E. R., 204; 4 S. E. R., 503; 22 N. E. R., 662; 10 A. & E. R. Cases (new series), 260.

*Messrs. Moore* & *Thomson,* contra, cite: *As to presumption of negligence:* 9 Rich., 89; 140 U. S., 435; 160 Ill., 48; 10 Am. St. R., 60; 20 Id., 483; 13 Pet., 181; 22 Wall., 341; 140 U. S., 435. *As to assumption of risk:* 21 S. C., 400; 44 A. & E. R. C., 312; 43 S. C., 157; 93 U. S., 295. *As to degree of care:* 5 Rich., 27; 9 Rich., 93; 13 Pet., 191; 39 L. R. A., 161; 14 How., 486; 161 Ill., 48; 23 A. & E. R. Cases, 520.

June 27, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. The judgment of the Circuit Court in this case awarded plaintiff $200 as damages for injuries received, while traveling as a passenger in the "caboose car" of defendant's freight train. While this train was on its way from Ridgeway to Columbia, August 5th, 1898, the caboose and another car became detached from the remainder of the train, and then overtook and collided with the rear end of the forward part of the train, throwing plaintiff from his seat across the caboose, inflicting injury. The collision was of such force as to break the couplers of the two cars that had been detached from the rest of the train, and knock one pair of trucks of the caboose from off its centre plate. The appeal presents two general questions: 1. The rule as to presumption of negligence in a case like this. 2. The degree of care to be exercised by a carrier of passengers on a freight train, and the risks assumed by such passengers.

1. The Circuit Court refused to charge appellant's request

as follows: "The burden is upon the plaintiff to show that the railroad in this case was negligent. Negligence must rest upon the actual facts as shown by the evidence, and must not depend upon conjecture or surmise; and in the case of a railroad accident, where the evidence discloses the facts and circumstances thereof, there is no presumption of negligence." The Court charged as follows: "Where a passenger is injured on a railroad, there is, from that fact alone, *prima facie* evidence of neglect in the management of the road, which evidence the railroad company is bound to rebut." This refusal to charge, and charge, is basis of the first and second exceptions. In reference to this subject, the Circuit Court explicitly charged the jury that the presumption was rebuttable, and that the jury must determine the question of negligence from the facts and circumstances of the case. It will be noted that the charge complained of is in the exact language quoted from the case of *Hegeman v. Western R. R. Co.*, 16 Barbour, 353, quoted by Judge O'Neall with entire approval in *Zemp* v. *Railroad Co.*, 9 Rich., 89, wherein it was held that proof that a passenger has been injured on a railroad is *prima facie* evidence of neglect. This learned Judge, referring to Danner's case, 4 Rich., 334, said: "Surely if a *prima facie* case of negligence is made out by showing the fact that stock was killed or injured on the railroad, much more ought the same result to follow from a passenger being injured. For as, to him, the company undertake to carry safely as far as human care and foresight will go. This liability can only be discharged by showing that all reasonable skill and diligence have been employed. *McClenaghan* v. *Brock,* 5 Rich., 17." While this rule is regarded as too broad by some courts of high authority, we believe it is sustained by reason and the weight of authority. See cases collated in note, 5 Ency. Law, 623. The reasons for the rule are: (1) The contractural relation between the carrier and passenger, by which it is incumbent on the carrier to transport with safety; hence the burden of explaining failure of performance should be on the carrier.

(2) The cause of the accident, if not exclusively within the knowledge of the carrier, is usually better known to the carrier, and this superior knowledge makes it just that the carrier should explain.    (3) Injury to a passenger by a carrier is something that does not usually happen when the carrier is exercising due care, hence the fact of injury affords a presumption that such care is wanting.    But if it should be granted that, as stated in 5 Ency. Law, 624, "The better rule is that the presumption does not arise from mere proof of an injury to a passenger, but must be limited to injuries caused by some act on the part of the servants of the carrier, which may be either acts of omission or commission, or from defects in the instrumentalities of transportation," then the Circuit Court committed no error on this point.    By the pleadings and the undisputed facts in this case, plaintiff was thrown from his seat and injured by a violent collision between portions of the train which in some way became uncoupled while running.    By all the authorities, proof of injury under such circumstances would raise a presumption of negligence, casting upon the carrier the burden of explaining that the accident happened from a cause for which it is not responsible, or that it was not due to its negligence.

2. As to the degree of care to be exercised by the carrier to a passenger on a freight train and the risks assumed by such a passenger.    The Circuit Court refused to charge the following requests by the defendant: "2. In boarding a freight train, passengers assume the increased risks and diminution of comfort incident thereto, and if the train is managed with the care usual and requisite for such trains, it is all that those who voluntarily board them have a right to expect.    3. A passenger upon a freight train is presumed to assume the risks of jolts and jars not caused by the negligence of the railroad employees; and in, this case, if you find that it was such a jolt or jar which threw the plaintiff from his seat, he cannot recover in this action."    On this subject the Court charged as follows: "Now while they (carriers) are not insurers of passengers,

yet the law enjoins upon them the highest degree of care in the management and conduct of their cars to ensure the safety of the passenger.    Now, whether he boards a freight train, mixed train or passenger train, does not make any difference, so far as the liability of the carrier is concerned; his contract is fixed when he receives the passenger's money, whether he receives him on a freight train, passenger train, or mixed train, matters not.    He assumes the obligation as soon as he takes the passenger's fare to carry him, transport him to his point of destination, with that degree of care which the law contemplates he should exercise; and he would not be permitted to excuse himself from care by reason of the fact that he was operating a freight train at that time.    Now, the law does not compel a common carrier to convey passengers on freight trains, that is optional with them; but if they undertake to do it, the law then fixes upon them that degree of care that attaches to common carriers of passengers; and it says, in the transportation of a passenger, the carrier must use the highest degree of skill and care in so conducting his carriage or his train of cars as to not injure the passenger."    We think the general charge above should have been modified or qualified substantially in accordance with the above requests to charge.    A carrier of a passenger on a freight train is bound to exercise the highest degree of care consistent with the practical and efficient use of the train for its primary purpose of transporting freight, and a passenger thereon assumes such inconvenience and risks as usually attend the operation of such train with all reasonable skill and caution as a freight train.    Whatever the mode of conveyance, whether by passenger, mixed or freight train, the carried is liable for any negligence resulting in injury to a passenger, and in that sense the law requires the highest degree of care in all cases, but in applying this rule the jury should take notice of the particular mode of conveyance. For illustration, in the management of a regular passenger train, the highest degree of care may require the use of a bell cord, or a brakeman on each car, or automatic brakes,

but in the management of a freight train, the same degree of care may not require these things. To require of freight trains all the safeguards against danger which is required of a passenger train, might render the operation of freight trains impracticable in many localities. These views are supported by the following authorities: *Chicago & A. R. Co.* v. *Arnol* (Ill.), 33 N. E. Rep., 206; *Olds* v. *New York &c. R. R. Co.* (Mass.), 51 N. E. Rep., 451; *Dunn* v. *Grand Trunk Railway* (Me.), 4 Am. Rep., 272; *Wallace* v. *Western North Carolina R. R. Co.,* 2 Am. St. Rep., 348; *Crine* v. *East Tennessee R. R. Co.,* 11 S. E. Rep., 557; *McGee* v. *Missouri Pac. Ry. Co.,* 1 Am. St. Rep., 709; *Delaware, L. & W. R. Co.* v. *Ashley,* 14 C. C. A., 373; *Indianapolis & St. Louis R. Co.* v. *Horst,* 93 U. S., 291; *Louisville & N. R. Co.* v. *Bisch,* 22 N. E. Rep., 664. There is force in the view that since the undisputed fact is that the injury resulted from the violent colliding of detached portions of the train, while moving on its journey, such a collision, as matter of law, is not usually and reasonably incident to the management with proper skill and caution of a freight train, having due regard to its primary uses and purposes, and so was not one of the risks assumed by the passenger, and inasmuch as the Court left it to the jury to determine the issue as to negligence under other instructions, that negligence is the want of "the care and caution that would be exercised by a reasonable and prudent person under the circumstances of the situation," the failure to instruct the jury as requested was not prejudicial. But as we can not be sure from the Brief before us that the jury may not have found the issue of negligence against defendant because of the absence of some safeguard against danger which the highest degree of care would require in the management of a regular passenger train, we think there should be a new trial, under unequivocal instructions in accordance with the views herein announced.

The judgment of the Circuit is reversed, and the case remanded for a new trial.