JARRELL v. CHARLESTON AND WESTERN CAROLINA RY.

1. PLEADINGS— RAILROADS— NEGLIGENCE— PRESUMPTION.— Allegations that a railroad started its train behind time, stopped it for some time on a dangerous trestle, from which plaintiff fell because of defective lights, states no cause of actionable negligence, and any presumption of negligence arising from plaintiff falling from cars is rebutted by facts alleged.

2. IBID.—DEMURRER.—A COMPLAINT which states negligence of defendant as a proximate cause of injury, and also contributory negligence on part of plaintiff, is demurrable for insufficiency.

3. IBID.—AMENDMENT OF.—Refusal of motion to amend pleadings is within discretion of Circuit Judge, and was not abused here.

Before TOWNSEND, J., Hampton, December, 1898.    Affirmed.

Action for personal injuries by G. H. Jarrell against Charleston and Western Carolina Ry.    From order dismissing complaint on demurrer, plaintiff appeals.

*Mr. Julius P. Youmans,* for appellant, cites: *If plaintiff is entitled to any relief, error to dismiss complaint:* 21 S. C., 229; 55 S. C., 295; 22 Stat., 694.    *Remedy of defendant is by motion to make complaint more definite:* 31 S. E. R., 214; 47 S. C., 30.    *Judge cannot decide if fact constitute negligence, except where there is only one inference:* 29 S. E. R., 235; 30 S. E. R., 479.    *Injury by railroad is prima facie evidence of negligence:* 33 S. E. R., 509.    *Defendant being negligent cannot shift responsibility:* 26 S. E. R., 969; 1 Strob., 535.    *Answer does not put in issue contributory negligence:* 34 S. E. R., 16.

*Mr. J. W. Moore,* contra, cites : *Complaint states no negligence of defendant as proximate cause of injury:* 23 S. E. R., 758; 20 S. C., 219. *Presumption of negligence arising from injury may be rebutted:* 55 S. C., 389. *No cause of action being set out, it was proper to refuse motion to amend:* 27 S. E. R., 873; 33 S. E. R., 352.

Aug. 23, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order sustaining a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The specific grounds of objection to the complaint were: "1. That the allegations in the complaint do not show negligence on the part of the defendant. 2. That the allegations in the complaint do show contributory negligence on the part of the plaintiff."

Here is the complaint, omitting the first paragraph, alleging that defendant is a corporation: "II. That on the 5th day of July, 1897, this plaintiff, at Fairfax, one of the regular stations on said railway, purchased from the defendant company and paid for a ticket, which entitled this plaintiff to passage on the cars of the defendant company, from Fairfax, in the county of Barnwell and said State, to Augusta, State of Georgia, and return; and plaintiff, after having purchased said ticket from defendant, took passage on a train of cars belonging to said company to Augusta. III. That said defendant carelessly and negligently, and in violation of its contract with this plaintiff, delayed the said train upon which this plaintiff was to return to Fairfax in Augusta, and failed to start the same on its return trip until about 10 o'clock at night, which was three hours past its advertised schedule time; and when the said train, returning, reached the Savannah River trestle, and was upon the same, this plaintiff being on board the said train, with his ticket paid for as aforesaid, the said train was carelessly and negligently stopped, and kept standing on said dangerous trestle for half an hour or more, by the servants and agents of the defendant

company, who were in charge of said train, and running the same for said company. IV. That while the said train was standing on said dangerous trestle, in the aforesaid careless and negligent manner, on account of the darkness of the night and poor lights furnished by the defendant company on said train, the plaintiff missed his footing, and fell from the said train a distance of thirty feet, from which fall this plaintiff was badly bruised and injured, by having his breast bone and three ribs broken, his back wrenched and sprained, the muscles and tendons of his arms, side and back badly torn and bruised, and his nervous system fearfully shocked, so that the plaintiff, on account of said wounds, bruises, and shock, was confined to his bed for six weeks or more, and has ever since experienced great pain and suffering. V. That the injuries to the plaintiff aforesaid were caused by the wrongful acts and negligence of defendant, in the manner before mentioned, whereby the plaintiff has suffered great and long continued bodily pain, is permanently injured in his person, and rendered unable to pursue any active calling or to perform hard labor, which is necessary for the support of himself and family, and by such injury plaintiff has been damaged $10,000."

It will be seen that two acts of negligence are specifically alleged: (1) delaying the train beyond the schedule time; (2) stopping the train and allowing it to remain for half an hour or more on a trestle. Then it is alleged that while the train was so standing, the plaintiff on account of the darkness of the night and poor lights furnished by defendants on said train, missed his footing and fell, thereby causing the injury.

To constitute a cause of action for negligence, the complaint must not only show that the defendant was negligent, but that the negligence of the defendant was the proximate cause of the injury. We cannot see from any allegation in the complaint what possible connection the failure in starting the train on time had with the injury as a cause thereof.

The negligence in stopping the train and allowing it

to remain on the trestle for a time, could not have produced the injury, if plaintiff had remained in the car, where the defendant had reason to believe he would re-. main. The complaint does not show that plaintiff went out upon the platform of the car by any order or invitation of the defendant, nor does it state any excuse or necessity warranting plaintiff being upon the platform at the time, nor does it show that defendant with knowledge of plaintiff's danger failed to warn. There is nothing in the complaint from which a reasonable person could infer that plaintiff's going out upon the platform and falling therefrom was a natural and probable result of the stopping of the train upon the trestle. As to the matter of "poor lights," even if it be granted that the complaint alleged negligence therein, we can not see how such "poor lights" could be the proximate cause of plaintiff's fall from the platform under the circumstances. The train was not at any station or place where persons are invited to use the platform as a means of entering or leaving the car, when as to such persons the defendant would owe the duty to so light the platform and landing as to ensure safety in their use. Under the circumstances in this case, the defendant owed no duty to plaintiff to light up the platform and adjacencies outside the car for his benefit. A presumption of negligence from the fact that plaintiff fell from the train and was injured could not arise. The case of *Steele* v. *Ry. Co.*, 55 S. C., 389, cited by appellant, as well as other cases referring to the matter of presuming negligence by the fact of injury to a passenger on a railroad, shows that such presumption arises on proof of the fact of injury to a passenger caused by some agency or instrumentality of the railroad company. In this case, as shown, it does not appear from the complaint by any proper averment that plaintiff's injury was caused by the defendant. If so, then the presumption is rebuttable, and the complaint itself contains matter in rebuttal, which under the demurrer the Court must consider.

For this reason we will notice the second ground of objec-

tion to the complaint, viz: that the complaint shows contributory negligence by plaintiff. The question of contributory negligence cannot properly arise except when the negligence of the defendant is a proximate cause of the injury.

2    Therefore, for the purpose of this question, we assume that the complaint shows negligence by defendant as a proximate cause of the injury. We may also say that while contributory negligence is ordinarily a matter of defense, yet if the complaint shows contributory negligence by plaintiff, that would render the complaint demurrable for insufficiency, since it contained allegations that would defeat the cause of action alleged, or prevent a recovery thereon. The complaint alleges the fact that the train stood upon the trestle for half an hour or more, and does not allege that plaintiff was ignorant of this fact. The inference is that he knew the train was on the trestle when he went upon the platform. He was aware of the condition also that there were poor lights on the train, and that the night was dark; nevertheless he went out upon the platform without excuse or necessity. This was certainly negligence, which if not the *only* proximate cause of his injury, was a proximate cause concurring with the negligence of the defendant.

It is also excepted that the Circuit Court erred in refusing plaintiff's motion to amend. This refusal was within

3    the discretion of the Court, and we can not say such discretion has been abused.

The judgment of the Circuit Court is affirmed.