## STEMBRIDGE v. SOUTHERN RY.

1. DAMAGES—PUNITIVE—PLEADING.—Under act of 1898, 22 St., 693, plaintiff is not required to allege the amount of punitive damages claimed, but it is sufficient if he allege acts of wantonness or wilfulness, and amount of damages arising from acts of negligence and wilful wrong.

2. EVIDENCE—NEGLIGENCE.—Under allegations that plaintiff has been *injured internally,* about the head, and suffers *other pains,* he may say that his eye has been affected since the accident.

3. IBID.—EXPERT.—Statement of physician as to whether a particular injury would probably affect injuriously other parts of the body, is competent as expert evidence, and is not an opinion on facts of case.

4. NONSUIT—NEGLIGENCE—JURY—MIXED TRAINS.—When in an action for damages based on negligence and wilfulness, the evidence lies close to the dividing line, it is proper to leave the question to the jury, and here there was evidence to go to the jury as to whether there was recklessness in running a mixed train on a new road.

5. RAILROADS—NEGLIGENCE—SPEED.—Judge did not instruct jury that wilful running of train at such speed as to make it leave the track, authorized the jury in awarding punitive damages therefor, but that for such acts the railroad company is liable for damages.

6. RAILROADS— NEGLIGENCE— PASSENGER— MIXED TRAIN— PRESUMPTION.—A railroad company owes a passenger on a mixed train the highest degree of care consistent with the uses of the train, and if he is injured by any agency or instrumentality of the company, presumption of negligence arises which the railroad company must rebut.

Before BUCHANAN, J., Edgefield, March, 1902. Affirmed.

Action by H. H. Stembridge against Southern Railway, From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *As to electing between actual and punitive damages:* Code of Proc., 186a; 57 S. C., 234; 55 S. C., 96; 58 S. C., 226; 61 S. C., 184; 60 S. C., 48; 63 S. C., 363; 64 S. C., 104, 389, 491. *Two causes of action are stated:* 38 S. C., 485; Pom. R. R., sec. 456; 61 S. C., 184; 64 S. C., 494. *As to evidence of Dr. Butler:* 61 S. C., 318. *There being no evidence of wilfulness; that cause of action should have been nonsuited:* 54 S. C., 507; 61 S. C., 170; 63 S. C., 373; 57 S. C., 249. *Fast running of train is not negligence, per se:* 34 S. C., 444; 7 S. C., 402; 57 S. C., 211; Black's Law & Prac. on Acc. Cas., sec. 214. *And not shown to have anything to do with the accident:* 21 S. C., 93, 466; 42 S. C., 121; 57 S. C., 433; 58 S. C., 491. *It is error to lay down correct principles of law to cases to which they do not apply:* 15 S. C., 95.

. *Mr. N. G. Evans,* contra, cites: *Plaintiff need not elect:* 64 S. C., 104, 389; Code of Proc., 186a. *Nonsuit cannot be granted as to one part of a case:* 16 Ency., 737; 54 Ga., 178; Code of Proc., 186a; 64 S. C., 389; 44 S. C., 143; 57 S. C., 502. *Presumption of negligence arises on failure to safely carry passenger:* 55 S. C., 392; 20 S. C., 256; 58 S. C., 491; 62 S. C., 130; 9 Rich., 89; 5 Ency., 2 ed., 627, 629.

March 25, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by him, while a passenger on defendant's mixed freight and passenger train, in a wreck thereof on the 15th day of May, 1902, near Lena, Hampton County. This appeal comes from a judgment on verdict for $1,000 in favor of plaintiff.

1. The first exception alleges error in refusing defendant's motion to require plaintiff to elect upon which cause of action stated in the complaint he would proceed to trial, whether on the one for punitive damages or that for actual damages, the contention being that the act of 1898, 22 Stat., 693, does not apply to a complaint in which punitive damages are not claimed *eo nominee* in dollars and cents. The fifth allegation of the complaint is as follows: "5. That the train of which the said accommodation passenger car was a part and the track of the defendant road used for the conveyance of the plaintiff between the aforesaid stations, were at the time defective, unsound and unfit to be used for such purposes, at the high and reckless rate of speed that said train was running, which the defendant might and would have known, had they used due care; but not regarding their duty, they carelessly, negligently, wantonly and wilfully suffered it to be used, and the high and reckless rate of speed maintained; and while the said train was thus proceeding with the car with the plaintiff therein from the said station of Lena to the said station of Blackville, at a point a few miles above the said station of Lena, was, by reason of the unsound condition and the said defects, and the said high rate of speed maintained, and the careless, reckless, wanton and wilful negligence of the defendant's servants, thrown from the track, and the plaintiff was thrown with great force and violence against the floor, seats and sides of the said car, and that in consequence of the said force and violence with which the plaintiff was thrown against the parts of the said car, he was terribly shocked, bruised about the head, sides, hips and abdomen, and injured internally." The complaint demanded judgment for $1,995 damages. It has been repeatedly held that the act of 1898 permits the commingling together in one statement of all acts of negligence and other wrongs, which include acts of wilful wrong, and that a party cannot be required to make any separate statement of facts as a basis for the claim of either actual or punitive damages, nor to elect whether he

will claim actual or punitive damages. It is claimed, how-ever, in this case that the act of 1898 does not apply, as the complaint did not specifically demand a particular sum as punitive damages. We cannot sustain this contention, because the complaint set forth in a manner permitted by the act of 1898 a cause of action for negligence and a cause of action for wilful tort, and demands specific damages therefor. A cause of action for punitive or examplary damages does not at all consist in *claiming* such damages *eo nominee,* but consists in a statement of such acts of wanton or wilful wrongs as would justify the imposition of such damages within the sum demanded in the complaint.

2. The second, third and fourth exceptions are to rulings upon the admissibility of testimony. The case shows the following as the basis for the second and third exceptions: Plaintiff being examined: "Q. You have only one eye? A. Yes, sir. Q. Have you suffered any with your good eye? Objected to. Nothing in the complaint about that. Court: Objection overruled. Exception noted. Q. Since the accident and since your suffering, has your eye been affected by it? Mr. Thomson objects on the same ground, and further, not having been shown a medical expert, as to that particular matter, his answer would be incompetent. Court: I think he can say since then whether his eye has injured him or not. That comes in the line of injuries. I think it is competent. A. Yes, sir. Q. I don't know whether I asked you the question before, since this accident has your eye been made to suffer by the cause of this injury, according to your judgment? A. My eye pains me. I have been to a doctor for treatment, but could not swear that was the cause of it." The testimony was within the general allegations of the complaint, stating that plaintiff "was shocked and bruised about *the head,* sides, hip and abdomen, and *injured internally,*" and the allegation in the sixth paragraph, "that the plaintiff suffered great pain from his kidneys, caused by said accident, and that he suffers *other pains, &c."* The plaintiff did not testify as a medical

expert, but merely as to matters coming under his personal knowledge. These exceptions are overruled.

The fourth exception assigns error in overruling objection to the following testimony by Dr. F. W. P. Butler, a medical expert: "Q. Doctor, the injury you found on him, was it possible for that injury to have affected the spinal cord and affected the eye and brain? A. I hardly think it could have; I think, would have been injured." The objection being that such question and answer involved an opinion upon facts in issue in the case. The testimony was competent as being within the range of expert testimony, in stating whether a particular injury would probably affect injuriously other portions of the body.

The fifth exception alleges error in refusing the defendant's motion for nonsuit as to so much of the complaint as charged a wilful tort, upon the ground that there was no evidence whatever tending to show any wilfulness, wantonness, recklessness, &c., as charged in the complaint. There is no doubt that the complaint stated two causes of action—one for negligence and the other for wilful tort; the former depending upon inadvertence, and the latter upon wilfulness, and, therefore, if there was no evidence whatever tending to show wantonness or wilfulness, a nonsuit as to that cause of action should have been granted. When a motion of this kind is addressed to the trial Court, a delicate duty is involved to decide properly when the evidence lies close to the dividing line between negligence, which is gross, and misfeasance, which is wanton or wilful. Generally it is best for the trial Court in such cases to leave it to the jury to draw the proper inference. A nonsuit would be proper as to a cause of action only when it is clear that no possible view of the testimony would warrant the jury in drawing an inference supporting such cause of action. There was evidence to show that the train at the time of the injury was running at an exceedingly fast rate of speed for a mixed train. The train was behind time and they were trying to catch up. The passenger coach was de-

railed and plaintiff thrown violently against the seats.    The road had been recently built.    It was properly left to the jury to determine whether the injury was the result of reckless or wanton running of a mixed train upon a newly built road. For the same reason, there was no error in refusing defendant's request to charge as follows: "Plaintiff having offered no evidence of any wantonness, recklessness or wilfulness on the part of the defendant, the jury cannot award punitive damages in this case; but if they find for the plaintiff, the verdict must be for actual damages only," as alleged in the sixth exception.    The eighth exception must also be overruled, because it objects to a charge with reference to the right to impose punitive damages for a wilful wrong, on the ground that there was no evidence of wilfulness.    In so far as this ground is involved in the ninth exception, that exception is also overruled.

4.  The ninth exception is as follows: "9.  Excepts because the presiding Judge erred in charging the jury at plaintiff's request as follows: 'A railroad company is liable for damages for injury to a passenger, caused by the wilfully moving its trains at such a great rate of speed as to make it leave the track;' whereas, it is submitted that there was not a scintilla of evidence in the case to which such charge could apply, and its effect was prejudicial to defendant in authorizing the jury to award punitive damages in the case, as explained to them in other portions of the charge."    The charge complained of above was a correct charge, applicable to the case, but it did not in terms authorize the jury to award punitive damages, as no mention is therein made of punitive damages as distinguished from actual compensatory damages.

5.  The tenth exception is as follows: "10.  Excepts because the presiding Judge erred in charging the jury at plaintiff's request as follows: 'The carrier is bound to exercise the greatest degree of care in view of all circumstances to avoid injury to passengers in the operation of its means of conveyance, avoiding a dangerous rate of speed, sudden

starts or stops, or danger from curves.' The error consist-
ing in submitting to the jury matters not referred to in the
complaint or in evidence, and in allowing them to consider
such matters in fixing liability upon the defendant." When
requested to charge as above, the Court said: "That is so; I
do not mean to say, because a train runs rapidly around a
curve or anywhere else, is negligence; that circumstance by
itself is not negligence. I would not charge you that. It is
owing to the conditions that may exist there, owing to the
facts and circumstances of each case. The mere rapidity
which a train runs is not of itself negligence." We fail to
see anything in the charge prejudicial to appellant.

6. The exception which remains to be considered is the
seventh, which is in these words: "7. Excepts because the
presiding Judge erred in charging the jury as follows:
'When a man gets on the railroad and becomes a pas-
senger, the law makes the common carrier responsible
for the slightest negligence whereby a passenger is
injured. It requires, therefore, a high degree of care, dili-
gence and prudence and consideration on the part of the
common carrier. The reason, Mr. Foreman, is, because
when you get on the train you commit your person to a con-
siderable extent in their charge, your safety. You must sub-
mit to such reasonable regulations as the law permits and
justifies them in making. That is to say, you must sit in
your seat, be peaceable and orderly, and conduct yourself as
the law requires you to conduct yourself. If you do that,
and an injury results to you from a wreck, the law implies a
liability on the part of the common carrier to you for what-
ever injuries you have received.' The error consisting: (1)
In failing to declare the law as to mixed trains, and the
duties and liability of the carrier to a passenger thereon.
(2) In imposing upon the defendant absolute liability upon
the mere proof of injury to plaintiff. (3) In failing to
charge the jury as to the different causes of action set forth
in the complaint, thus leaving them to infer that there was
likewise a presumption upon the mere proof of the injury to

a passenger in a wreck that the railroad company was guilty of wantonness or wilfulness." Whenever it is shown that a passenger, whether upon a regular passenger train or a mixed freight and passenger train, had been injured by any agency or instrumentality of the railroad company, a presumption of negligence arises, which the railroad company must rebut. *Steele* v. *R. R. Co.*, 55 S. C., 389, 33 S. E., 509; *Doolittle* v. *R. R. Co.*, 62 S. C., 130, 40 S. E., 133. It is the duty of a railroad company in operating *any* train whereon it contracts to carry a passenger, to exercise the highest degree of care necessary to operate *such* train. As stated in *Steele* v. *R. R. Co., supra:* "A carrier of a passenger on a freight train is bound to exercise the highest degree of care consistent with the practical and efficient use of the train for the primary purpose of transporting freight, and a passenger thereon assumes such inconvenience and risks as usually attend the operation of such train with all reasonable skill and caution as a freight train. Whatever the mode of conveyance, whether by passenger, mixed or freight train, the carrier is liable for any negligence resulting in injury to a passenger, and in that sense, the law requires the highest degree of care in all cases, but in applying this rule the jury should take notice of the particular mode of conveyance." We cannot see that the Court in the charge quoted in the exception, and especially when the whole charge is considered, failed to declare the law as applicable to mixed trains. Besides, there was no request for more specific instruction with reference to mixed trains. Nor do we think that the charge as a whole imposed upon the defendant absolute liability upon the mere proof of injury to plaintiff, as the Judge was careful to say that the presumption arising from the fact of an injury to a passenger in a wreck of the train was rebuttable. A wreck is not one of the inconveniences and risks which a passenger on a mixed train assumes, and when it is shown that a passenger was injured by that cause, it is a natural and reasonable inference that the injury was the result of the negligence of the railroad company. With

reference to the third specification of error in the above exception, we may say that the charge as a whole clearly pointed out to the jury the different causes of action set forth in the complaint, and we find nothing in the charge to the effect that mere proof of injury to a passenger in a wreck raises a presumption that the injury was the result of wantonness and wilfulness.

The judgment of the Circuit Court is affirmed.

I concur only in the result, for the reason that the complaint while alleging separate and distinct elements of damages, contains but a single cause of action. See recent cases of *Griffin* v. *R. R., Young* v. *Tel. Co.,* and *Boling* v. *R. R.*

EUGENE B. GARY, A. J.