### HUNTER v. ATLANTIC COAST LINE R. R.

RAILROADS.—A PASSENGER in search of water on a train at night, passing from one coach to another, by the conductor and porter in the rear car, there being no water in the front coaches and all being badly lighted, who steps off the back platform of the rear coach thinking he was going into another, there being no guard chain at end of platform, no lights and no warning by defendants' servants, has no cause of action against the railroad company for injuries received by stepping off the rear coach, because the proximate cause of his injuries was his own recklessness or negligence.

Before PURDY, J., Clarendon, June, 1904. Affirmed.

Action by Robert Hunter against Atlantic Coast Line Railroad Co. From judgment sustaining demurrer, plaintiff appeals.

*Messrs. A. Levi* and *W. C. Davis,* for appellant, cite: *Complaint must allege some duty owing plaintiff by defendant:* 66 S. C., 535. *Whether acts were negligent or wanton is for jury:* 68 S. C., 488. *Care due to plaintiff:* 4

Ency., 54, 48.  *Judge should only define negligence:* 19 S.
C., 55; 21 S. C., 104; 41 S. C., 1, 440, 381; 25 S. C., 24.
*As to presumption of negligence:* 65 S. C., 447; 55 S. C.,
389; 62 S. C., 130; 61 S. C., 354.  *Question of proximate
cause is for jury, if there be any doubt:* 1 Strob., 525; 16
Ency., 431, n. 1; 56 S. C., 93; 68 S. C., 55; 55 S. C., 424;
54 S. C., 506; 65 S. C., 430; 16 Ency., 428-33, 440-2, 444-5;
4 Ency., 50-1.  *Contributory negligence as a proximate
cause is for jury:* 4 Ency., 19-21, 24, 50-1; 16 Ency., 465-6;
51 S. C., 302; 52 S. C., 444; 68 S. C., 488; 61 S. C., 354;
69 S. C., 479; 65 S. C., 229; 51 S. C., 156; 61 S. C., 483; 62
S. C., 142; 25 S. C., 128, 53; 26 S. C., 49; 29 S. C., 303,
381; 34 S. C., 211; 42 S. C., 455; 41 S. C., 1; 23 S. C., 537;
21 S. C., 497; 19 S. C., 29; 67 S. C., 499; 39 S. C., 514.

*Messrs. J. T. Barron* and *Wilson, DuRant & Muldrow,*
contra.   *Mr. Barron* cites : *Defendant owed no duty to plain-
tiff:* 56 S. C., 491.

September 6, 1905.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   The defendant demurred to the
complaint in this case on the ground that it failed to state
facts sufficient to constitute a cause of action, in that:

"1. The allegations of fact in the complaint do not show
any actionable negligence.

"2. The allegations of the complaint show contributory
negligence on the part of the plaintiff.

"3. The complaint shows that the gross negligence of the
plaintiff in wrongfully going upon an alleged dangerous and
improperly lighted platform, was the direct and proximate
cause of the injury to plaintiff."

The demurrer was sustained, and the plaintiff appeals,
relying on the following allegations of the complaint, as
stating a good cause of action:

"II. That on or about the 18th day of August, 1903, the
defendant received the plaintiff into one of its railroad trains

22—72

running between the places hereinafter mentioned, and then and there undertook and agreed to safely carry and convey him therein as a passenger, from Manning, S. C., to Savannah, Ga., and return, for two      dollars, paid by plaintiff to one E. W. Dines, who was a manager of an excursion from Sumter, S. C., to Savannah, Ga., and return, said train being in charge of, and under the control of, the servants and employees of the defendant.

"III. That the train on which the plaintiff was riding as a passenger under said contract to safely transport him, was in an insecure, dangerous and unsafe condition, in that there was no chain or guard rail on the rear platform of the last car of said train, where passengers walk in passing from one car to another, and there was only a very dim light in said car and none upon the rear of said car.

"IV. That at the time of the injury hereinafter referred to, the train of defendant was at some point on its line between Santee River and Ashley Junction, and the conductor and porter of said train were sitting near the rear of the last car of said train, and in a position where they could see plaintiff as he approached the rear of said car, and they did not warn him of the dangerous condition of the rear platform of said car.

"V. That it was the duty of the defendant to provide its cars with drinking water for its passengers, and to keep them so provided, but it negligently failed so to do, and this plaintiff becoming thirsty after eating a lunch provided by the defendant in one of its cars near the front of its said train, sought a drink of water in all of its cars, going back towards the rear of the train and finding none up to and in what plaintiff afterwards learned was the last car of the train, he attempted to pass on to what he believed was a car in the rear of this car, when, because of the carelessness and gross negligence of the defendants, its servants and employees, in failing to properly light its said car and rear platform, and to warn plaintiff of the dangerous condition of the rear platform, and to provide the said chain or guard rail, as it was in

duty bound to do, the plaintiff walked off the rear of said car and was violently hurled to and precipitated upon the cross-ties, iron rails and track of defendant, breaking both of his arms, one of his legs in two places, and the knee-cap of the other leg in three places."

We extract from the argument of appellant's counsel the six particulars in which it is charged the defendant was negligent: "(1) A failure to provide drinking water for this passenger; (2) an improperly lighted last car; (3) no lights on rear platform; (4) a failure to provide a chain or guard rail on rear platform; (5) a failure to warn plaintiff of dangerous condition of rear platform, although conductor and porter were sitting where they could see actions of plaintiff, and in a few feet of the danger he was going into; (6) negligent and wanton conduct in leaving plaintiff upon track after being notified of his accident by friends."

It is the duty of a railroad company to provide drinking water for passengers, and it cannot be said it would be negligence under ordinary circumstances for a passenger to go from one coach to another, if necessary, in search of water. It is also the duty of a railroad company to provide safe platforms as a means of ingress and egress from its passenger cars. Passengers already on the cars are not invited or expected, however, to use the rear platform of a train while it is in motion, and it is not the duty of railroad officials to request persons apparently in their senses not to take the risk of doing so. As was said in *Jarrell* v. *Ry. Co.,* 58 S. C., 491, 494, 36 S. E., 910: "The train was not at any station or place where persons are invited to use the platform as a means of entering or leaving the car, when as to such persons the defendant would owe the duty to so light the platform and landing as to ensure safety in their use. Under the circumstances in this case, the defendant owed no duty to plaintiff to light up the platform and adjacencies outside the car for his benefit." Plaintiff having the notion that there was another car in rear of the one he was in, walked out into the dark and off the platform. There is no pretense that the

defendant did any positive act tending to delude the plaintiff into supposing there was still another car behind that from which he fell. On the contrary, his failure to see in front of him any car or any light in a car was express notice to the plaintiff that he had reached the end of the train; and when, in the face of the warning of the absolute darkness which met him at the car door, the plaintiff went on, he recklessly and blindly took his life into his own hands. We do not see how the dim lights in the car could be regarded a proximate cause of the fall. If they had been brighter they might have made the absence of any car in the rear still more manifest, but without this aid the darkness was sufficient warning to stop any reasonable man. The proximate cause of the injury plainly was the plaintiff's own want of care.

The complaint not showing that the injury was caused by any act of omission or commission of the servants of the railroad company, or from any defects in the instrumentalities of transportation, there is no presumption of negligence on the part of the defendant. *Steele* v. *Ry. Co.,* 55 S. C., 389, 33 S. E., 509. But if such presumption existed, it is completely rebutted by the allegations of the complaint which show the injury was due to plaintiff's own recklessness or negligence.

Assuming, however, for argument's sake, that the defendant was guilty of breach of duty to the plaintiff in all the particulars set out in the complaint, it is manifest the injury would not have been received but for the negligence of the plaintiff in endeavoring to step from one car into another without having any reason to believe there was another car. The plaintiff thus shows that his own negligence, at least, contributed to the injury as a proximate cause.

The sixth paragraph of the complaint, alleging breach of duty by the conductor in not backing the train and endeavoring to find plaintiff when he was missed, was not considered by the Circuit Judge, and has not been brought before this Court by the exceptions.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.