### 6605

### ANDERSON v. SOUTH CAROLINA & GEORGIA R. R. CO.

Carrier—Passenger.—The rule that it is the duty of the carrier to use the highest degree of care to protect passengers from injury, does not apply to injury from acts of fellow passengers without knowledge of the existence of the danger or of the facts and circumstances from which the danger may be reasonably anticipated.

Before Watts, J., Aiken, Spring Term, 1906. Reversed.

Action by B. J. Anderson against South Carolina and Ga. R. R. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Hendersons,* for appellant, cite: *Degree of care:* 74 S. C., 332. *Presumption of negligence:* 55 S. C., 389; 58 S. C., 491; 62 S. C., 130; 65 S. C., 440; 72 S. C., 336, 114. *Damages for mental anguish not being alleged could not be recovered:* 31 S. C., 49.

*Messrs. Croft & Salley* and *Sawyer* and *Owens,* contra, cite: *Carrier is held to highest degree of care to protect its passengers from injury from others:* 131 Mass., 371; 50 Fed. R., 755; 24 L. R. A., 70; 34 Conn., 554; 74 S. C., 332; 53 Pa. St., 512; 88 N. C., 536; 24 Fed. R., 413; 76 Pa. St., 510; 53 Miss., 200; 72 N. Y., 30; 23 Ill., 9; 71 S. C., 543; 3 A. & E. Anno. Cas., 251; 8 Am. Neg. Cas., 608, 93; 93 A. D., 99; 2 Fed. Civ. Ap., 154; 14 S. W. R., 880; 10 U. S., 677. *Recovery may be had for mental suffering:* 2 Wood on R. R., 1406; 8 Ency., 664; 71 A. D., 267; 74 S. C., 306; 133 Ill., 148; 7 Misc. R., 67; 37 W. R., 359; 8 Ency., 663; 5 Ency. P. & P., 758-9.

July 27, 1907. The opinion of the Court was delivered by

Mr. Justice Jones. Plaintiff recovered a judgment of $1,250 against defendant for alleged negligence in failing to supply sufficient coaches to accommodate the passengers

on its train from Augusta, Ga., to Langley, S. C., on the afternoon of June 28, 1902, in permitting white and colored passengers to ride in the same coach, in not having a sufficient force of employees upon the train, and in failing to protect plaintiff—a passenger—from violence on the part of a fellow-passenger, as the result of which negligence plaintiff received a pistol shot wound in the leg, inflicted, without fault on his part, by one of the negro passengers in the coach immediately in front of the car in which plaintiff was riding. This appeal questions the correctness of the charge to the jury.

The defendant requested the Court to charge that if the injury complained of was caused by another passenger, and was so sudden and unexpected that the defendant's employees could not have foreseen and prevented it by the exercise of due care, then the defendant would not be liable. The Court charged the request, except that the words "the highest degree of care" were substituted for the words "of due care." This modification of the request and the general charge that a railroad company must exercise the highest degree of care in the protection of passengers from injury or violence, form the basis of the first and second exceptions. The charge as given correctly stated the law as to the degree of care to be exercised by carriers of passengers. *Steele* v. *Southern Railway,* 55 S. C., 393, 33 S. E., 509; *Latour* v. *Southern Railway,* 71 S. C., 543, 51 S. E., 265; *Franklin* v. *Ry. Co.,* 74 S. C., 332.

The third exception complains of error in charging "That the obligation of a common carrier for safe transportation is one arising from contract imposing duties growing out of the relation between the parties, involving trust and confidence, requiring extraordinary care, and whenever a passenger is injured on a train, without fault on his part, while being transported by a carrier, a presumption arises from this fact alone that there was negligence in the management of the road, which presumption the carrier is bound to rebut, or it will be liable in damages without further proof." The

error being that no presumption of negligence can arise from the mere injury of a passenger unless it is shown that the injury was caused by some instrumentality in the charge of or under the control of the carrier, and that some notice of the threatened violence or impending danger must be brought home to the carrier before negligence can be imputed.

This exception is well taken. According to the rule in this State there is no presumption of negligence on the part of the carrier from the bare fact that a passenger has been injured while on the carrier's train, but that such presumption does arise on proof of such injury as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier or some defect in the instrumentalities of transportation. *Steele* v. *R. R. Co.,* 55 S. C., 389, 33 S. E., 509; *Jarrell* v. *R. R. Co.,* 58 S. C., 494, 36 S. E., 910; *Doolittle* v. *R. R. Co.,* 62 S. C., 139, 40 S. E., 133; *Stembridge* v. *R. R. Co.,* 65 S. C., 447, 43 S. E., 968; *Hunter* v. *R. R. Co.,* 72 S. C., 340, 51 S. E., 860.

The charge was harmful, as in this case the injury was not caused by any agency or instrumentality of the defendant, but by the direct act of a fellow-pasenger. In such case, "knowledge of the existence of the danger or of the facts and circumstances from which the danger may be reasonably anticipated is necessary to fix a liability upon the carrier for damages sustained in consequence of failure to guard against it." 1 Fetter on Carriers, sec. 96, quoted with approval in *Franklin* v. *Ry. Co.,* 74 S. C., 335. Numerous cases in other jurisdictions support this rule, but we cite only *Tall* v. *Baltimore S. P. Co.,* 47 L. R. A., 120, wherein the subject is well considered.

It is not deemed necessary to consider the remaining exceptions to the charge.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.