## 7508

### WILLIFORD v. SOUTHERN RY.

1. CARRIER—PASSENGER—PRESUMPTIONS—NEGLIGENCE.—One having purchased a ticket and going from the waiting room to the track on the station premises to board the train is a passenger and injury to him by the instrumentalities of the carrier raises a presumption of negligence which continues throughout the trial.

2. IBID.—NEGLIGENCE.—Failure to furnish suitable lights on the station premises and having a truck thereon in such position as to cause a passenger to go too near the track to board an approaching train tend to show negligence on part of carrier.

3. IBID.—CONTRIBUTORY NEGLIGENCE—PASSENGER—ISSUES.—Where the testimony tends to show the passenger in going to the train from the waiting room was obliged to pass so near the track on account of a truck left in the way that the engine struck her, the headlight blinding her so she could not see how to move, the issue of contributory negligence was properly sent to the jury.

Before KLUGH, J., Fairfield, February, 1909.    Affirmed.

Action by Addie J. Williford against Southern Railway Company and W. G. Chitty.    From judgment for plaintiff, the defendant railway appeals.

*Messrs. Abney & Muller* and *McDonald & McDonald,* for appellant.    *Mr. J. E. McDonald, Jr.,* cites: *As to proximate cause:* 52 S. C., 324; 76 S. C., 204; 58 N. W. R., 393. *Negligence of plaintiff:* Moore on Facts, sec. 281; 81 S. C., 193.

*Messrs. Ragsdale & Dixon,* contra, cite: *Duty of carrier to light premises:* 57 S. C., 332; 7 R. & M. Dig. Ry. Law, 222-3; 65 S. C., 229; 39 S. C., 162; 58 S. C., 494.    *Proximate cause is for jury:* 83 S. C., 66; 78 S. C., 249, 384; 76 S. C., 368; 72 S. C., 389; 77 S. C., 399; 72 S. C., 336; 62 S. C., 130.    *Case properly submitted to the jury:* 51 S. C., 453; 53 S. C., 452; 61 S. C., 562; 52 S. C., 443; 54 S. C.,

509. *Contributory negligence:* 80 S. C., 1; 83 S. C., 103; 75 S. C., 177; 57 S. C., 302; 45 S. C., 151.

March 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff through the wrongful acts of the defendant.

The allegations of the complaint material to the questions presented by the exceptions are as follows:

"That the plaintiff, after purchasing her ticket, waited for several hours in the waiting room of the defendant's passenger station at Chester for the defendant's train, upon which she was to take passage, and the said train having been by the carelessness, negligence and fault of the defendant delayed several hours, did not reach Chester until after dark on the day aforesaid, the said train being scheduled to arrive at Chester at 6:35 p. m.

"That when the arrival of the said train and its approach at Chester had been signaled by the defendant's agents and servants, the plaintiff, along with other passengers, passed out of the said waiting room to board the said train, but owing to the narrow space between the station house and track, and owing to the fact that the said agent and defendant, W. G. Chitty, who had supervision and charge of said station and its approaches to the train and yards thereabouts, had left a truck directly in plaintiff's way, and owing to the entire absence of lights at said station, plaintiff came too near to the track and was struck by the locomotive or tender of defendant's incoming train and knocked with great force and violence on the ground.

"That the defendants were guilty of a gross want of care, and of wilful and wanton disregard of their duty to plaintiff, in not providing lights at said station to enable plaintiff to see her way in the darkness, and in carelessly and negligently leaving the said truck in plaintiff's way, taking up thereby

nearly all the narrow space between the station house and the track of the defendant, and in carelessly and negligently locating and building its station house in such dangerous proximity to the track as to become a direct and proximate cause of plaintiff's injuries."

The defendant denied the allegations of negligence and set up the defense of contributory negligence.

At the close of the plaintiff's testimony the defendant made a motion for nonsuit, which was refused.

The defendant, also, requested his Honor, the presiding Judge, to direct the jury to render a verdict in favor of the defendant after the testimony was introduced by both parties, which was likewise refused.

The jury rendered a verdict in favor of the plaintiff for $2,500, and the defendant appealed.

The first exception was abandoned.

The second exception assigns error on the part of the Circuit Judge in refusing to direct a verdict, on the ground that there was no testimony tending to show negligence on the part of the defendant.

The allegations of the complaint and the uncontradicted testimony show that the plaintiff, at the time of the injury, sustained towards the railroad company the relation of passenger. *Johns* v. *Ry.*, 39 S. C., 162. 17 S. E., 698, 20 L. R. A., 520 n.; *Martin* v. *Ry.*, 51 S. C., 150, 28 S. E., 303; *DuBose* v. *Ry.*, 81 S. C., 271, 62 S. E., 255.

She was injured through an instrumentality of the railroad company, and this fact raises a presumption of negligence. *Anderson* v. *Ry.*, 77 S. C., 434, 58 S. E., 149; *Brown* v. *Ry.*, 83 S. C., 53.

Such presumption continues throughout the trial of the case. *Mack* v. *Ry.*, 52 S. C., 323, 29 S. E., 905; *Ritter* v. *Ry.*, 83 S. C., 213.

There was also testimony to the effect that the defendant railroad company failed to provide suitable lights at said

station.    The failure to discharge this duty tended to show negligence on the part of the company. *Izlar* v. *Ry.,* 57 S. C., 332, 35 S. E., 583; *Jarrell* v. *Ry.,* 58 S. C., 491, 36 S. E., 910; *Smoak* v. *Ry.,* 65 S. C., 299, 43 S. E., 662.

Furthermore, the testimony tended to show that the trucks were negligently allowed to remain in front of the waiting room, in consequence of which she had to go nearer the railroad track in passing the projecting corner of the station building, where she was injured.

The exception raising this question is overruled.

The third exception assigns error in refusing to direct a verdict, on the ground that the testimony showed contributory negligence on the part of the plaintiff.

The appellant relies mainly upon the fact that the engine had a bright headlight when the train ran into the station.

The plaintiff testified as follows:

"Q. Mrs. Williford, what was the condition of the station outside, and inside too, for that matter, with respect to the lights? A. The lights were very good on the inside, but none on the outside. Q. None on the outside? A. No, sir, I saw none; it was total darkness. Q. Well, when the train came what did you do, Mrs. Williford? A. As I came out of the waiting room door, there was a truck right in front of it, so we had to go between the waiting room and the truck, then go up by the office, and turned to go up the track; and as I got to that corner the train rolled in and the headlight flashed in my face, and I was blinded and couldn't move. Q. And what happened then? A. I was knocked down. Q. By what? A. By the engine, some portion of it, not the front though. Q. You were knocked by some part of the engine? A. Some part of the engine; the front had passed. Q. If that truck had not been there, will you show me how you could have come to the train? A. I could have come out this way and then gone here (indicating);

that would have given me a chance to have seen the engine up the track.  Q. You would have been able to see the engine better then than where you were?  A. Yes, sir; coming out from behind this office I was blinded, of course.  Q. By what?  A. By the headlight of the engine.  Q. Did the headlight do you any good; did it give you any light to enable you to see?  A. No, sir; I should say it did more harm.  Q. Now, you say as a matter of fact you went around the upper side of the truck, or the lower side?  A. Went around on the lower side, where the depot is.  Q. That carried you next to that window at the office?  A. Yes, sir.  Q. And then you had to pass out from the office to the track?  A. Yes, sir.  Q. Were you, Mrs. Williford, nearer to the track there than you would have been at any other point?  A. Just as I turned—yes, sir.  Q. That projection is nearer the track than any other part of it?  A. Yes, sir."

Miss Ethel Halford, a witness for the plaintiff, testified as follows: "Q. What was the condition of the weather, Miss Halford?  A. It was raining.  Q. With respect to light or darkness, what was it?  A. On the inside there was light; but there was no light on the outside.  Q. There was no light on the outside?  A. No, sir; everything was in total darkness on the outside.  Q. Was the moon shining?  A. No, sir; it was cloudy, misting rain.  Q. Well, Miss Halford, do you remember when you came out of the waiting room to take the train?  A. Yes, sir.  Q. Did you find anything in your way, or not, as you came out?  A. Well, there was a truck or something near the door.  Q. What happened to Mrs. Williford?  A. Well, she was knocked down in some way, and in her falling she fell against me.  Q. Miss Halford, do you know how she was hit, and by what—what it was hit her?  A. I couldn't say; I don't know.  Q. Why was it that you didn't know?  A. Well, I couldn't see.  Q. You couldn't see?  A. I suppose

it was some part of the train.    Q. You say you couldn't see?
A. No, sir."

This testimony shows that the question of contributory
negligence was properly submitted to the jury.

The last error assigned is because the presiding Judge
refused to direct a verdict, on the ground that the testimony
showed that the injury arose from inevitable accident.

What has already been said disposes of this question.

Judgment affirmed.