7870

## HALL v. SOUTHERN RY.

CARRIER.—A PASSENGER on the station premises crossing one track to board a train on another track which has been announced, not looking for a train on the track he is crossing and not knowing a train was them due thereon, is guilty of contributory negligence, in the absence of proof of negligence in running the train striking the passenger.

Before WATTS, J., Greenville, May, 1909.   Affirmed.

Action by Jerry Hall against Southern Railway Company.   Plaintiff appeals.

*Mr. J. J. McSwain,* for appellant, cites: 85 S. C. 301.

*Messrs. Cothran, Dean & Cothran,* contra, cite: Hutch. on Car., sec. 1412; 55 S. C. 391; 77 S. C. 434; 5 Ency. 624; 3 Thomp. Neg., sec. 2757; Shear. & Red. Neg., sec. 59; 83 S. C. 26; 85 S. C. 216; 83 S. C. 53; 72 S. C. 336; 7 L. R. A. (N. S.) 1076.

April 21, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This is an appeal from an order of nonsuit.   The action was for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant.

(1) In permitting its passengers to cross a track between the passenger station and the train on which said passengers were bound to leave when another train in the opposite direction was running on said intermediate track.

(2) In not having a watchman, guard or station master to warn passengers against trains approaching on said intermediate track from the opposite direction.

The plaintiff was the only witness examined, and he testified in substance:

"I am sixty-seven years old; live at Easley Cotton Mill; in April, 1909, I went to the depot at Greenville and bought a ticket to Easley; I expected to take No. 11; it was about 3:30 p. m., No. 11 was announced; I was standing next to the railroad when it ran up; No. 11 stopped on the second track from the station; I started to cross the first track and was struck by No. 38; I did not see or hear it coming; it was three days before I knew anything, and came to myself at Earle's Sanitarium; stayed there nine days." On cross-examination he testified that he had a bottle of whiskey in his pocket when struck; that he had taken about two drinks therefrom; that he did not see 38; could have seen it for about half a mile, but did not look; did not look or listen in that direction for anything that might come, just looked for the other train; did not know 38's time.

There was no evidence or allegation that 38 was operated negligently; that it failed to give the usual signals of its approach; that the engineer saw or could have seen plaintiff as he thrust himself on the track in front of the train in time to stop; nor that the speed of 38 was other than was proper in slowing down to stop at the Greenville station to receive and discharge passengers, as required by the act of 1907, 25 Stat. 658.

Motion for nonsuit was made and granted on two grounds:

(1) That there was no testimony tending to establish negligence on the part of defendant, as alleged.

(2) That the testimony shows that plaintiff's injury was due to his contributory negligence.

The appellant contends that a presumption of negligence arises from the fact that plaintiff, a passenger, was struck by defendant's engine. The plaintiff was not on a train as passenger, but was crossing the track with a view to board another train as passenger.

The rule in this State.that a rebuttable presumption of negligence arises from the fact that a passenger, while on the carrier's train, was injured as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier, or some defect in the instrumentality of transportation, which has been frequently declared, as may be seen by reference to *Brice* v. *Southern Ry.*, 85 S. C. 216, 67 S. E. 243, was extended in *Williford* v. *Southern Ry.*, 85 S. C. 303, 67 S. E. 302, to a passenger who had passed out of the waiting room to board an incoming train, and, owing to the obstruction by a truck in the way and the absence of lights, approached too near the track and was struck by the engine.

It is very doubtful whether the rule should apply to a passenger for one train struck while crossing the track in front of another train, but, assuming that it should apply for the purpose of this case, the plaintiff's own undisputed testimony shows conclusively that his injury was the result of his own contributory negligence. *Hunter* v. *Railroad*, 72 S. C. 340, 51 S. E. 860.

The judgment of the Circuit Court is affirmed.