7218

### BROWN v. ATLANTIC COAST LINE R. R. CO.

1. NEGLIGENCE—PRESUMPTION—CARRIER—PASSENGER.—There is no presumption of negligence against carrier from bare fact of injury to passenger while on its train, but such presumption arises on proof of such injury as the result of some agency or instrumentality of the carrier.

2. EVIDENCE.—DECLARATIONS of a party containing the statement of a fact which at the time was against his interest should be given their appropriate weight with other facts by the jury.

3. CHARGE.—Instructing jury what force and effect should be given to the declarations of a party is a charge on the facts under Article V, Section 26, Constitution.

Before WILSON, J., Richland, Spring term, 1908. Reversed.

Action by John W. Brown against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Barron, Moore & Barron* and *R. B. Herbert,* for appellant, cite: *Effect of injury to passenger:* 9 Rich.. 84; 55 S. C., 389; 65 S. C., 440; 12 N. Y., 236; 58 S. C., 491; 2 L. R. A., 820; 4 Q. B., 693; 8 Exch., 137; 41 L. R. A., 836; 90 Pa. St., 141; 51 Mich., 236; 28 L. J. N. S. (Exch.), 3; 2 Thomp. Neg., 1220; Whar. Neg., secs. 421-2; Hutchinson on Car., secs. 1411-15; 39 Ark., 413; 16 Ill., 198; 14 Ind., 30; 40 Ia., 337; 78 Ky., 621; 26 Minn., 484; 50 Miss., 572; 33 Mo., 309; 8 Nev., 111; 27 Vt., 643; 14 L. R. A., 741; 11 Heisk (Tenn.), 400; 18 N. Y., 534; 13 L. R. A., 366. *As to admissions:* 1 Ency., 678; 9 Cur. Law, 1271; 1 Id., 1152; 112 N. W., 558; 38 S. E., 350, 992; 60 Ga., 185; Thomp. on Neg., sec. 7738; 3 Ell. on Ev., sec. 2510; 53 Ill., 473; Mills Con. R., 147; 76 Ind., 272; 59 F. R., 75; 51 N. C., 423.

*Messrs. DePass & DePass, contra,* cite: *As to presumption of negligence:* 9 Rich., 84; 26 S. C., 57; 38 S. C., 487; 55 S. C., 391; 74 S. C., 101, 137.

June 16, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff through the negligence of the defendant.

The complaint alleges that "while plaintiff was in the act of alighting from said train, with one foot on the last step of the car and the other thrust forward, in the act of stepping to the ground, the said train, by reason of the negligent and careless management thereof on the part of the employees of the defendant in charge of same, was caused to give a sudden and violent jerk and lurch forward, hurling

and throwing the plaintiff from the steps of said car to the ground, under and beneath said car and against the crossties and rails of said defendant's roadway, whereby plaintiff's left knee struck violently against the step of said car and the crossties of said roadbed of defendant, and so bruised and mangled same that in consequence thereof his left leg had to be removed just above the knee."

The defendant denied the allegations of the complaint and set up the defense of contributory negligence, which was withdrawn at the trial.

The jury rendered a verdict in favor of the plaintiff for the sum of one thousand dollars, and the defendant appealed.

The first assignment of error is because his Honor, the presiding Judge, charged the jury that "when a passenger is hurt, the presumption of law is that it is through the negligence of the railroad company, but the presumption may be done away with by proof."

The rule is thus stated in *Anderson* v. *R. R.,* 77 S. C., 434, 58 S. E., 149: "The third exception complains of error in charging, 'That the obligation of a common carrier for safe transportation is one arising from contract imposing duties growing out of the relation between the parties, involving trust and confidence, requiring extraordinary care, and whenever a passenger is injured on a train, without fault on his part, while being transported by a carrier, a presumption arises from this fact alone that there was negligence in the management of the road, which presumption the carrier is bound to rebut or it will be liable in damages without further proof.' The error being that no presumption of negligence can arise from the mere injury of a passenger, unless it is shown that the injury was caused by some instrumentality in the charge of or under the control of the carrier, and that some notice of the threatened violence or impending danger must be brought home to the carrier before negligence can be imputed.

"This exception is well taken. According to the rule in this State there is no presumption of negligence on the part of the carrier from the bare fact that a passenger has been injured while on the carrier's train, but that such presumption does arise on proof of such injury as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier, or some defect in the instrumentality of transportation."

The testimony was contradictory as to the manner in which the plaintiff was injured. He introduced evidence tending to show that he was injured as alleged in his complaint, while the defendant's testimony tended to show that he suffered injury by jumping from the car before it reached the station and while it was in motion.

The charge gave the plaintiff the benefit of a fact to which he was not entitled, and which was prejudicial to the rights of the appellant. The exceptions raising this question are sustained.

The second exception is as follows: "Because his Honor erred in charging the jury that 'alleged admissions of the plaintiff are receivable in evidence only as discrediting his testimony and not as affirmative proof of material facts in issue, such as would excuse the defendant of the presumption of negligence raised by inference of law where a passenger is shown to be injured on its railroad.' The error being that: (a) The Judge could not take from the jury the right to say whether plaintiff's admissions to third parties were evidence that he was not hurt in the manner alleged in the complaint. (b) It was a charge on the facts in telling the jury that such admissions were not such proof as would remove a presumption of negligence."

The rule is thus stated in Wigmore on Evidence, Vol. II, sec. 1048: "The logical basis, therefore, of the use of admissions is twofold. In the first place, all admissions furnished, as against the party, the same discrediting inference

as that which may be made against a witness in consequence
of a prior self-contradiction; * * * In the next place,
those admissions, which happen to state a fact that was at
the time against the party's interest, have an additional tes-
timonial value, independent of the contradiction and similar
to that which justifies the hearsay exception for statements
of facts against interest; this element adding to their pro-
bative value, but not being essential to their admissibility.
This double evidential utility explains the proposition, some-
times judicially sanctioned, that an admission is *equivalent
to affirmative testimony* for the party offering it. Such a
theory is partly correct, partly incorrect. It certainly can
not be true of admissions in general; their effect, like that
of a witness' self-contradictions, is merely destructive."

In the case of *Zemp* v. *R. R.,* 9 Rich., 84, 87, where the
facts were similar to those in the case under consideration,
the Court used this language: "The first ground attributes
error to the presiding Judge, in that he did not charge the
jury, if they believed the testimony as to the plaintiff's decla-
rations, they should find for the defendant. The Judge very
properly presented the plaintiff's declarations as part of the
case; if they were to be believed, they were to be put into
the scales, with the other proof, and given their appropriate
weight."

The declarations of the plaintiff contained the statement
of a fact which at the time was against his interest, and they
should have been put into the scales with the other testimony
and given their appropriate weight by the jury. This dis-
poses of subdivision (a) of said exception.

Having reached this conclusion, it clearly appears that
there was error in stating to the jury what force and
effect should be given to the declarations of the plain-
tiff, as the charge was violative of Art. V, sec. 26, of
the Constitution, prohibiting Judges from "charging in
respect to matters of fact."

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.