## 7811

### McKITTRICK v. GREENVILLE TRACTION CO.

1. CARRIER—PUNITIVE DAMAGES—PASSENGERS.—That a passenger on a street car told the conductor she was a stranger and wanted him to tell her where to get off at a certain place, that he so told her and while she was getting off, the car standing still, a sudden jerk threw her to the ground, tends to show a reckless disregard of the passenger's rights.

2. IBID.—PASSENGER—PRESUMPTIONS.—If a passenger is injured by means of any of the instrumentalities in the charge or control of the carrier, there arises a presumption of negligence causing the injury.

3. IBID.—Moving a car is an instrumentality or agency of the carrier, and negligence may be inferred from injury to a passenger while alighting in the ordinary way by the carrier's initial act of moving the car.

4. EXCEPTIONS not raising a question of legal error in the charge objected to, will not be considered.

5. ISSUES.—Submitting to the jury legal propositions is not reversible error unless it is shown to have been prejudicial.

6. CARRIER—PRESUMPTIONS—PASSENGERS.—A presumption arising from the fact that a passenger was injured through an instrumentality of the carrier continues throughout the trial of the case.

Before SHIPP, J., Greenville, March term, 1910. Affirmed.

Action by Ada McKittrick against Greenville Traction Co. Defendant appeals on following exceptions:

1. "The presiding Judge erred in refusing the defendant's motion for a nonsuit as to the cause of action for

punitive damages upon the ground that there is no testimony tending to establish a wilful, wanton or malicious act on the part of the defendant, its agents, servants or employees.

2. "The presiding Judge erred in charging the jury, as requested by the plaintiff in the first request to charge, as follows:

" 'It is the duty of a common carrier of passengers to exercise the highest degree of diligence and foresight consistent with the conduct of the business, for the protection of passengers, and if a passenger is injured by means of any of the instrumentalities in charge or control of the common carrier, there is a presumption of negligence causing the injury, and it becomes the duty of the defendant company to rebut such presumption if it can.'

"Specification: The presumption of negligence on the part of the carrier does not arise from the bare fact that a passenger has been injured while on the carrier's train; it does arise on proof of such injury as the result of some agency or instrumentality of the carrier, arising from some act of omission or commission of the servants of the carrier or some defect in the instrumentality of transportation.

3. "The presiding Judge erred in charging the jury, as requested by the plaintiff, in the second request to charge, as follows:

" 'A passenger of a common carrier remains a passenger until finally and completely discharged from the conveyance of carriage, and if a passenger is injured while alighting from the car of a common carrier by reason of the moving of the car, the presumption of negligence attaches.'

"Specifications: The testimony was contradictory as to the manner in which the plaintiff was injured. She introduced evidence tending to show that she was injured as alleged in her complaint, while the defendant's testimony tended to show that she suffered injury by jumping from the car before it reached her destination and while it was in motion. The charge excepted to, gave the plaintiff the

benefit of a fact to which she was not entitled and which was prejudicial to the rights of the appellant. The fact that she may have been injured while alighting from the car by reason of the moving of the car, did not prove that she was injured as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier, or some defect in the instrumentality of transportation.

4. "The presiding Judge erred in charging the jury, as requested by the plaintiff, in the third request to charge, as follows:

" 'If the jury believe from the evidence that by the exercise of the highest degree of care consistent with the business, the defendant would have ascertained that plaintiff was in the act of leaving its car, and if by the exercise of the highest degree of care consistent with the business, defendant would have either stopped its car to enable the plaintiff to alight in safety, or would have warned and prevented plaintiff from alighting from its car while in motion, and if the jury find that the defendant failed to do these things, and if such failure was negligence, defendant would be liable for the injury, if any, suffered by plaintiff.'

"Specifications: (a) It was a question of law whether the defendant owed to the plaintiff the duty of exercising the highest degree of care consistent with the business to ascertain that she was in the act of leaving the car, which question should have been decided in the negative by the Court; and it was error prejudicial to the appellant to submit this question of law to the decision of the jury.

"(b) It was a question of law whether the defendant owed to the plaintiff the duty of exercising the highest degree of care consistent with the business to stop its car to enable plaintiff to alight in safety before the car had reached plaintiff's destination, which question should have been decided in the negative by the Court; and it was error

prejudicial to the appellant to submit this question of law to the decision of the jury.

"(c) It was a question of law whether the defendant owed plaintiff the duty of exercising the highest degree of care consistent with the business to warn and prevent the plaintiff from alighting from its cars while in motion, which question should have been decided in the negative by the Court, and it was error prejudicial to the appellant.

"(d) The plaintiff, having alleged in her complaint, and having offered testimony tending to show that she was thrown from the car by a sudden movement of the car while she was alighting, to the knowledge of the conductor, she should have been required to prove the facts so alleged by the preponderance of the testimony, and should not have been allowed to rely upon any presumption which might attach from the fact of injury through some instrumentality of the carrier, resulting from omission or commission of its servants, or from some defect in the instrumentalities of transportation. The rule of law being that where certain facts are alleged, the plaintiff is confined to the proof of those facts and cannot supplement her proof by the presumption arising from an injury to a passenger under the circumstances named."

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Act of motorman in moving car is not wilful:* 81 S. C. 35. *There should be no presumption of negligence here:* Hutch. Car., sec. 1412; 55 S. C. 391; 77 S. C. 434; 5 Ency. 624; 72 S. C. 336; 58 S. C. 491; 83 S. C. 26; 85 S. C. 216; 3 Thomp. Neg., sec. 2757; 7 L. R. A., N. S. 1177; Shear. & Red. Neg., sec. 59; 83 S. C. 53; 77 S. C. 434. *Duty of carrier to passenger in alighting:* 2 Hutch. Car., secs. 993, 995; 72 S. C. 114.

*Mr. J. J. McSwain,* contra, cites: *Acts of conductor were conscious disregard of rights of passenger:* 60 S. C. 48.

*Instruction suited to any view of the evidence is proper:* 55 S. C. 389.

March 9, 1911.  The opinion of the Court was delivered by

Mr. Justice Gary.  This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant.

The complaint alleges "that plaintiff was a stranger to the city of Greenville, and when the car had reached North street and stopped, the conductor in charge of said car motioned and directed plaintiff to get off, and plaintiff immediately arose from her seat, passed out of said car, and was descending the steps from said car, when the defendant negligently, recklessly, wantonly, and in conscious disregard of the plaintiff's rights and safety, caused said car to be suddenly started forward, whereby plaintiff was thrown from the steps of said car into the mud in the street, and against the rocks constituting the pavement of said street."

At the close of the plaintiff's testimony, the defendant's attorneys made a motion for a nonsuit, as to the cause of action for punitive damages, which was refused.

The jury rendered a verdict in favor of the plaintiff for $250.00, and the defendant appealed upon exceptions, which will be reported.

*First Exception.*  The plaintiff testified as follows: "What did you tell the conductor, if anything?  I told him that I wanted to go to the postoffice, and told him I was a stranger, and didn't know anything about the town, and to please tell me when to get off, and he said he didn't go to the postoffice, and I would have to get off and walk a distance, and he told me to watch him, and when he motioned to me, for me to get off.  Did you speak to him again about it?  Yes, sir; I told him a time or two, to tell me when to get off.  Did he tell you to get off?  Yes, sir. Where was he?  He was up at the front.  He had his hand

up and made a bow, and motioned for me to get off. He said 'all right get off.' He told me to watch him, and when he made a motion, for me to get off. When he motioned to you what did he say, if anything? He said 'all right, off.' In what part of the car were you sitting? About middle way. Was his face toward you when he motioned? Yes, sir. What did you do when he did that? I rose and went out, and as I started off, the car gave a sudden jerk, a quick jerk, and throwed me out on the ground. What part of the car had you gone to? I was out on the platform, and was fixing to step out, and it give a jerk and throwed me to the ground. You had already gotten to the platform? Objected to by counsel for the defendant. Tell how far you had gotten before the sudden jerk by the car. I was out on the platform, ready to step off of the car. What were you ready to step off of? I was ready to step out on the steps. From the steps to where? I was ready to step out of the car, when it give a jerk.

"Court: Were you going to step on the ground, or where? On to the steps.

"Mr. McSwain: From the steps to where? To the ground. What happened to you while you were in that position? The jerk came and throwed me out. Where did it throw you to? Out on the hard street and into the mud."

This testimony tends to show, that the plaintiff was a stranger in Greenville, and had requested the conductor to let her know, when to get off the car; that he motioned to her and said, "all right, get off;" that when she had reached the platform, and was about to step off the car, which was then standing still, it gave a quick and sudden jerk, and threw her out on the ground. Under such circumstances, it cannot be successfully contended, that there was no testimony whatever, tending to show reckless disregard of the plaintiff's rights as a passenger.

*Second Exception.* The rule is thus stated in the case of *Anderson* v. *Ry.,* 77 S. C. 434, 58 S. E. 149: "According

to the rule in this State, there is no presumption of negligence on the part of the carrier, from the bare fact that a passenger has been injured, while on the carrier's train, but that such presumption does arise, on proof of such injury, as the result of some agency or instrumentality of the carrier, some act of omission or commission of the servants of the carrier, or some defect in the instrumentalities of transportation."

This language is quoted with approval in *Brice* v. *Ry.,* 85 S. C., which cites the following cases: *Steele* v. *Ry.,* 55 S. C. 389, 33 S. E. 509; *Jarrell* v. *Ry.,* 58 S. C. 494, 36 S. E. 910; *Doolittle* v. *Ry.,* 62 S. C. 193, 40 S. E. 133; *Stembridge* v. *Ry.,* 65 S. C. 447, 43 S. E. 969; *Hunter* v. *Ry.,* 72 S. C. 340, 51 S. E. 860; *Brown* v. *Ry.,* 83 S. C. 53, 64 S. E. 1012; to which may be added, *Williford* v. *Ry.,* 85 S. C. 301.

*Third Exception.* This exception cannot be sustained, for the reason that it cannot be successfully contended, that the moving of the car was not an agency or instrumentality of the defendant. The evidence above quoted shows that the request did not refer to a passenger jumping from a car, already in motion, but to a passenger thrown while alighting, in the ordinary way, by the carrier's initial act of moving the car.

*Fourth Exception.* Specifications of error (a), (b) and (c) must be overruled, for the reason that they do not raise a question, as to the soundness of the charge as a legal proposition; and, it has not been shown, that it was prejudicial error, to submit it to the jury. In the case of *Mitchell* v. *Leech,* 69 S. C. 413, 48 S. E. 290, the Court says: "His Honor, the presiding Judge, should have construed the instruments of writing introduced in evidence, and in the manner just stated, but his failure to do so, was not prejudicial to the appellants; for his charge gave the jury the opportunity of finding

against the plaintiff, upon a question of fact, that should not have been submitted to them."

Subdivision (d) cannot be sustained, for the reason that the presumption arising from the fact, that a party was injured through the instrumentality of the carrier, continues throughout the trial of the case. *Mack* v. *Ry.,* 52 S. C. 323, 29 S. E. 905; 40 L. R. A. 679; *Ritter* v. *Ry.,* 83 S. C. 213, 65 S. E. 175; *Williford* v. *Ry.,* 85 S. C. 301.

Judgment affirmed.

MR. CHIEF JUSTICE JONES *did not sit in this case.*