14001

KOON v. PIONEER-PYRAMID LIFE INS. CO.

(178 S. E., 503)

*Mr. W. C. Wolfe,* for appellant,

*Messrs. D. H. Dantzler* and *M. E. Zeigler,* for respondent,

February 12, 1935.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The facts out of which this action arose, briefly stated, are these: The defendant company issued to the South Carolina State Teachers' Association, for the benefit of its members, a group policy of insurance, under which the plaintiff, Koon, was insured in the sum of $5,000.00. The policy and the individual certificate issued the member contained the following provision, pertinent here: "If any Employee shall furnish the Company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability. The company reserves the right to examine the employee where any claim for disability under this policy is made."

In June, 1931, the insured, having become ill, filed a claim for disability benefits; and on November 20, 1931, the company paid him $2,250.00, and received from him at the time the following release, which was signed by him and his wife, the beneficiary: "Received from Pioneer Life

Insurance Company Two Thousand Two Hundred and Fifty & 00/100 ($2,250.00), in full settlement of all claims and demands under this certificate No. 13754 S. C. T. on the life of Jesse B. Koon."

Thereafter Koon brought this action, alleging that on May 26, 1931, he became totally and permanently disabled, and that he was still due, under the provisions of the policy, a balance of $2,995.00, principal and interest. The defendant, by its answer, denied all liability on its part, and set up as a defense the written release. The trial of the case resulted in a verdict for the plaintiff, and the company excepts and brings error.

Two questions are presented by the appeal: (1) Was the Court in error in refusing the defendant's motion for a directed verdict, made on the ground that there was no evidence "to establish actionable fraud abrogating or avoiding the release"? (2) Did the Court err in charging the jury that a statement recklessly uttered by any one "as the truth without regard to or knowledge of its truth" would constitute fraud?

With regard to the first question, there can be no serious dispute as to the total and permanent disability of the insured. The record discloses that for many years prior to 1931 he had been teaching school and also engaged in extensive farming; that in January, 1931, his feet became ulcerated and swollen to such an extent that he had to begin using crutches in order to walk at all; that this condition gradually grew worse, and in May, 1931, he had to quit teaching and also was unable to do any work on his farm. Dr. Mobley, who examined and treated the plaintiff, testified that he had diagnosed his condition as Buerger's disease, "an obliterative inflammation of the arteries," that this ailment attacks a man's limbs but is more often seen in the feet than in the arms," and that a person suffering the pains which accompany this disease would not be able to form decisions, and that he did not think such

a one "would be able to exercise good judgment." Dr. Wells stated that no cure for this malady is known to the medical profession.

The plaintiff testified that in the fall of 1931, after his claim had been disallowed by the company, he went to Greenville to be examined by the defendant's physician; that the examination was made, but no report was ever sent him as promised by Mr. Du Pre, the vice-president of the company; that, about two weeks after he was in Greenville, an agent of the insurer, one Thompson, visited the home of the witness in Orangeburg county and offered to settle the claim for $1,500.00, but finally raised the amount to $2,250.00; that the insured was in a very bad condition at the time, he could not sleep at night at all, and was suffering and in a nervous condition; and that he, and also his wife, had been in bed. It was during this visit, and in these circumstances, that Thompson made the statements which are mainly relied on to establish fraud on the part of the company in securing the release.

We deem it unnecessary to review at length this phase of the testimony, which is somewhat voluminous. Koon testified that he got out of his bed, suffering pain and in a nervous condition, to receive the visitors, the agent of the company and a former pupil of the insured; that Thompson stated, *inter alia,* that, while the witness was not entitled to any disability benefits in his then physical condition, the company wanted to settle his claim; that Dr. Parker, the defendant's physician who made the examination at Greenville, had said that, while the insured was in a "right bad shape," if he could get to some medical clinic or in some good hospital, he thought he would get all right; that the disability clause in the policy meant that, before an insured would be entitled to any benefits whatsoever, he had to be confined to the house, and even to the bed, but that "Mr. Du Pre thought that I was a pretty deserving sort of a fellow and wanted to do something for me, that Mr. Du

Pre thought pretty well of me, and wanted to do what was right by me"; and that Thompson then offered to settle the $5,000.00 claim for $1,500.00, but increased that amount, by degrees, to $2,250.00, finally stating that, if the witness refused to take what was offered by the company, he would not get anything. The insured also testified to other statements and representations which he claimed were made at the time by Thompson and relied on by the witness as being true, but which were false and misled and deceived him into surrendering his rights under the policy.

Mrs. Koon, who was present during the conversation, corroborated the statements made by her husband. She also testified that he was in bad condition at the time and unfit to attend to business, and that she tried to get the agent to defer settlement of the claim, but that he pressed for an immediate disposition of the matter.

Upon consideration of the entire record, we are constrained to hold that the trial Judge properly submitted the question to the jury. It is true that the plaintiff was a school teacher and a man of intelligence, but he testified that he knew little or nothing of insurance matters. On the other hand, Thompson was a trained insurance man, having been engaged in that business for a number of years. Furthermore, under the medical testimony as to the plaintiff's physical and mental condition, due to the disease with which he was afflicted, it was for the jury to say whether he was capable, at the time the release was signed of transacting business, to form decisions and to exercise good judgment, and whether, in all the circumstances, he was deceived as to what his rights were under the provisions of the policy. See *Hedgepath v. Provident Life & Accident Co.,* 169 S. C., 364, 168 S. E., 857; *Bradley v. Insurance Co.,* 170 S. C., 509, 171 S. E., 243.

> As contended by the appellant, fraud cannot be predicated, as a general rule, upon misrepresentations as to matters of law; but it will be noted that there are

exceptions to the rule. See 12 R. C. L., 296; *White v. Harrigan*, 77 Okl., 123, 186 P., 224, 9 A. L. R., 1014. In the case at bar, it appears that the peculiar and undisputed facts and circumstances bring any such misrepresentations by the company within the exceptions to which reference is made.

With regard to the second question, when the charge is considered as a whole, as it should be in determining whether what was told the jury in any particular portion was prejudicial to the complainant, we think that the Court's instruction, here complained of, even if error, which is not conceded, was harmless. The charge as given is sustained by respectable authority.

The judgment of the circuit Court is affirmed.

MESSRS. JUSTICES CARTER and BONHAM, and MESSRS. ACTING ASSOCIATE JUSTICES J. HENRY JOHNSON and C. J. RAMAGE, concur.