CENTRAL NEW YORK COACH LINES, INC., Appellant, *v.* SYRACUSE HERALD COMPANY, Respondent.

Argued January 4, 1938; decided March 8, 1938.

*Charles E. Spencer* for appellant.   The former action was prosecuted solely for the purpose of recovering damages for the benefit of the surviving next of kin of the deceased under section 130 of the Decedent Estate Law (Cons. Laws, ch. 13) under letters of administration issued for that purpose and expressly limited and restricted to the prosecution of an action or actions authorized by special provision of law.   (*Martin* v. *Dry Dock E. Bway. & B. R. R. Co.*, 92 N. Y. 70.)   In the prosecution of the action under section 130 of the Decedent Estate Law under limited letters, the plaintiff was not representing the estate of the deceased and was not chargeable with the debts or liabilities of said estate.   The court could not properly adjudicate upon the purported counterclaim as no party representing the estate of the deceased was before the court.   (*Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343; *Cohen* v. *L. I. R. R. Co.*, 154 App. Div. 603; *Kwiatkowski* v. *Lowry, Inc.*, 248 App. Div. 459; *Matter of Meekin* v. *Brooklyn Heights R. R. Co.*, 164 N. Y. 145; *Kirwin* v. *Malone*, 45 App. Div. 93.)   The judgment entered in the former action does not purport to adjudicate as to the counterclaim and, therefore, can-

not constitute a bar to this action. (*MacAffer* v. *Boston & Maine R. R. Co.*, 242 App. Div. 136; *Denike* v. *Denike*, 44 App. Div. 621; 167 N. Y. 585; *Lorillard* v. *Clyde*, 99 N. Y. 196; *Webb* v. *Buckelew*, 82 N. Y. 555; *DeForest* v. *Andrews*, 27 Misc. Rep. 145; *Masten* v. *Olcott*, 101 N. Y. 152.)

*William F. Fitzpatrick* for respondent. The judgment in the former action is *res adjudicata* and is a bar to the present action. (*Bigelow* v. *Dominion Copper Co.*, 225 U. S. 111; *Wolf* v. *Kenyon*, 242 App. Div. 116; *U. S. Fire Ins. Co.* v. *Adirondack P. & L. Corp.*, 206 App. Div. 584; *Haverill* v. *International Ry. Co.*, 217 App. Div. 521; 244 N. Y. 592; *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228; *Byrne* v. *Hasher*, 249 App. Div. 651; 275 N. Y. 474; *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14.) Plaintiff herein has had its day in court and has had one full, fair trial upon all the issues raised in its present action. (*Anderson* v. *Illinois Surety Co.*, 157 App. Div. 691; *Hatch* v. *Attrill*, 118 N. Y. 383.) The conduct of the plaintiff herein in the former action was such as to estop the bringing of the present action. (*Houghton* v. *Thomas*, 220 App. Div. 415; 248 N. Y. 523; *Matthews* v. *Truax, Carsley & Co.*, 265 N. Y. 8.) The letters of administration issued on the estate of the deceased were general letters of administration except as to the action for the wrongful death. (*Matter of Malloy*, 1 Dem. 421; *Kirwin* v. *Malone*, 45 App. Div. 93; *Matter of Atterbury*, 222 N. Y. 355; *Matter of Ehret*, 158 Misc. Rep. 308; 247 App. Div. 456.)

LOUGHRAN, J. For convenience we abbreviate the names of the parties. The Coach Corporation is plaintiff. The Herald Company is defendant.

While driving an automobile for the Herald Company, Arthur Grady lost his life when the vehicle collided with a motor bus of the Coach Corporation. Administration of his estate was granted to William H. Grady by letters "limited to the prosecution of such action or actions

as you, the said administrator, may be entitled to prosecute by special provision of law."

The administrator sued the Coach Corporation to recover damages for Arthur Grady's death. A counterclaim interposed by the Coach Corporation demanded affirmative judgment for damages to its bus alleged to have been caused by negligence of Arthur Grady on the occasion of the collision in which he was killed. A reply traversed the allegations of the counterclaim. The final judgment entered in that action recites that the issues were tried before the court and a jury and that the jury " duly rendered its verdict of no cause of action in favor of the defendant." It was thereby " Adjudged that the defendant have judgment of no cause of action upon the issues herein and that defendant recover of the plaintiff the sum of $97.07 costs as taxed and that the defendant have execution therefor." This determination is therein stated to have been made upon the motion of the then defendant Coach Corporation.

The present action by the Coach Corporation against the Herald Company (the employer of the decedent Arthur Grady) is based upon the facts that were pleaded by the Coach Corporation as its counterclaim in the death action prosecuted against it by Arthur Grady's administrator. Whether the determination of that action is here *res judicata* is the question now to be decided.

The limited letters issued to Arthur Grady's administrator restricted his authority to the prosecution of the statutory action to recover damages for a wrongful act, neglect or default by which the decedent's death was caused. (Surrogate's Court Act, § 122.) It was this statutory action that was brought against the Coach Corporation. Though *pro forma* the administrator was the necessary party plaintiff, the cause of action was not a general asset of Arthur Grady's estate. Had there been a recovery, the proceeds would have been a special fund subject only to a trust for the sole benefit of the

statutory distributees. (*Davis* v. *N. Y. C. & H. R. R. R. Co.*, 233 N. Y. 242, 246.)

This phase of the record was clearly interpreted at the Special Term. In the careful opinion there written, the court said: " The defendant herein [the Herald Company] and the administrator of Arthur Grady limited solely to the prosecution of an action pursuant to section 130 of the Decedent Estate Law are not in privity." Accordingly the Special Term judge held that the judgment in the action against the Coach Corporation for Arthur Grady's death does not preclude the liability of the Herald Company to the Coach Corporation in the present action. The Appellate Division reversed.

The result reached by the Special Term is in keeping with the main doctrine that estoppels must be mutual. (*Stone* v. *State*, 138 N. Y. 124; *Downey* v. *Seib*, 185 N. Y. 427.) More than that: The action for Arthur Grady's death having been brought by his administrator for the sole benefit of the statutory beneficiaries, no claim of the Coach Corporation against the general estate of the decedent tended " to diminish or defeat the plaintiff's recovery." The counterclaim there attempted to be set up by the Coach Corporation was thus invalid in itself. (Cf. Civ. Prac. Act, § 266, as since recast by Laws of 1936, ch. 324.) Hence the judgment in that action should be taken to have determined only that the plaintiff-administrator failed to establish his own case. (See *Beebe* v. *Bull*, 12 Wend. 504; *Masten* v. *Olcott*, 101 N. Y. 152, 160.)

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs to the appellant Central New York Coach Lines, Inc., in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Judgment accordingly.