ROCCO RAINONE et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action by plaintiff Frances Rainone to recover damages for personal injuries, and by her husband for medical expenses and loss of services, the appeal is from a judgment dismissing the complaint at the close of the entire case. Judgment reversed and new trial granted, with costs to appellants to abide the event. The accident occurred when appellant wife slipped on ice in a roadway twenty-two days after the snowfall of December 27, 1947. In our opinion, the evidence was sufficient to create a question of fact as to respondent's negligence and the freedom of appellant wife from contributory negligence. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.

■

STATE OF MARYLAND, for the Use of PETER D'AGOSTINO and Another, et al., Respondents, v. BRANCH MOTOR EXPRESS Co., Appellant, et al., Defendant.— Action to recover damages for the wrongful death of the driver of an automobile, the personal injury and wrongful death of a passenger, the personal injuries of two other passengers, and for medical expenses and loss of services by the father of one of them, alleged to have been caused by a collision between the automobile and a tractor and trailer owned by the defendant Branch Motor Express Co. and operated by its employee. Said defendant appeals from an order denying its motion for leave to serve an amended answer setting up a claim, pursuant to section 264 of the Civil Practice Act and the Uniform Contribution Among Tortfeasors Act (Ann. Code of Pub. Gen. Laws of Md., 1951 ed., art. 50, §§ 20–29) against the administrator, with limited letters, of the goods, chattels and credits which were of the deceased driver. Said defendant asserts that if the plaintiffs, other than such administrator recover judgments, the judgments will result from the said intestate's negligence, as well as its own, and that the said administrator should contribute to the satisfaction of said judgments in an equal amount with said defendant. Order affirmed, with $10 costs and disbursements. Neither the State of Maryland nor the respondent administrator represents the deceased driver. (*Central N. Y. Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110; *Stewart* v. *United Elec. Light & Power Co.*, 104 Md. 332.) No cause of action for pain and suffering prior to his death is alleged. The real plaintiffs are those who may be entitled to a distributive share of any judgment that may be obtained. (Cf. *Ruzicka* v. *Rager*, 305 N. Y. 191, 199, and *Winbush* v. *City of Mount Vernon*, 306 N. Y. 327, 334.) MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.