## 17789

Fred Calvin ELLISON and William Roy Ellison, Executors of the Estate of Fred G. Ellison, Respondents, v. Woodrow SIMMONS, Appellant

(120 S. E. (2d) 209)

*Messrs. Hood & Hood,* of Anderson, *for Appellant,*

*Messrs. Sherard & McIntosh* and *E. Harry Agnew,* of Anderson, *for Respondent,*

May 29, 1961.

Moss, Justice.

This action was brought by Fred Calvin Ellison and William Roy Ellison, as executors of the estate of Fred G. Ellison, deceased, the respondents herein, against Woodrow Simmons, the appellant herein, to recover damages for the wrongful death of Fred G. Ellison. The action was brought pursuant to Section 10-1951 *et seq.*, 1952 Code of Laws of South Carolina, for the benefit of the widow and three adult children of the deceased. The answer of the appellant contained a general denial and alleged as a defense that the death of the respondents' testate was caused and occasioned by his contributory negligence and wilfullness. The case was tried before the Honorable J. B. Pruitt, Resident Judge of the Tenth Circuit, and a jury, and resulted in a verdict in favor of the repondents for actual and punitive damages.

The record shows that on February 5, 1959, an automobile owned and driven by the appellant collided with an automobile owned and driven by Fred G. Ellison, respondents' testate, and as a result of injuries sustained Fred G. Ellison died. The appellant, as a result of the collision, received personal injuries and his automobile was demolished. As is heretofore stated, the respondents instituted this action, in their representative capacity, to recover damages for the wrongful death of the said Fred G. Ellison. In this action the appellant did not counterclaim. However, in the trial of the instant case, the appellant attempted to offer evidence that he had entered suit against the Ellison Estate for per-

sonal injuries and the demolishment of his automobile. Upon objection being made to the admission of such testimony by counsel for the respondents, the trial Judge sustained such objection and refused to allow the appellant to show that he had a suit pending against the Ellison Estate for damages.

The trial Judge likewise refused to charge a request of the appellant that in a wrongful death action the appellant was not allowed, by law, to interpose a counterclaim but must bring a separate action for any damages alleged to have been sustained by him. The appellant alleges that the trial Judge was in error in his refusal to admit evidence that he had brought a separate suit against the Ellison Estate, and in his refusal to charge the jury, pursuant to request, that he was not allowed by law to interpose a counterclaim in the instant action but must bring a separate suit for injuries and damages allegedly suffered by him.

In the case of *Complete Auto Transit, Inc. v. Bass,* 229 S. C. 607, 93 S. E. (2d) 912, 913, this Court held that the owner of a tractor-trailer did not have the right to assert a counterclaim for damage to his truck in an action brought by the executrix against the owner for wrongful death. In this case it was said:

"The issue before us, then, is whether or not, under the law of this State, respondent had the right to assert, in the action by the executrix against it for wrongful death, a counterclaim for damage to its truck. The precise question has not heretofore been passed upon by this court; but, as the learned circuit judge pointed out in his order now under appeal, the reasoning in *Bennett v. Spartanburg Railway, Gas & Electric Co.,* 97 S. C. 27, 81 S. E. 189, clearly indicates that it should be answered in the negative."

It is thus apparent that the appellant had no cause of action for damage to his person or property against the respondents in their capacity as representatives of the beneficiaries of the cause of action for wrongful death,

and could not assert such a cause of action by way of counterclaim.

Since the appellant could not interpose a counterclaim in this action, was it proper for him to offer evidence that he had an action pending against the Ellison Estate for his damages? In determining a dispute concerning the relevancy of proffered evidence, the question to be resolved is as to whether there is a logical or rational connection between the fact which is sought to be proved and a matter of fact which has been made an issue in the case.

In the case of *Dickson's Drug Store, Inc. v. Davis,* 197 S. C. 294, 15 S. E. (2d) 332, it was held that testimony is relevant which renders it properly applicable in determining the truth and falsity of matters in issue between the parties to the suit. In *Francis v. Mauldin et al.,* 215 S. C. 374, 55 S. E. (2d) 337, it was held that all that is required to render evidence admissible is that fact shown thereby legally tends to prove, or make more or less probable, some matter in issue, and bear directly or indirectly thereon.

The case of *Central New York Coach Lines v. Syracuse Herald Co.,* 277 N. Y. 110, 13 N. E. (2d) 598, 599, was an action by a bus company for damages caused to its bus in a collision between the bus and the defendant's vehicle while being driven by defendant's employee who was killed in the collision. The decision turned upon the question whether a wrongful death action formerly instituted by the deceased employee's administrator against the bus company, in which the company filed a counterclaim for damages to its bus, resulting in a verdict in favor of the plaintiff, was *res judicata* as to the present action. In holding that it was not, the Court stated that since the administrator's action, as originally brought, was for the sole benefit of the statutory beneficiaries, no claim of the bus company against the general estate of the decedent tended "to diminish or defeat the plaintiff's recovery", making the counterclaim attempted to be set up invalid in itself.

We quote from the case of *Complete Auto Transit, Inc. v. Bass, supra*:

"Appellant suggests that the only real difference between the functions of the executrix as representative of the estate on the one hand and as representative of the statutory beneficiaries of the cause of action for wrongful death on the other is in relation to the distribution of the proceeds of recovery in her hands. But the distinction is deeper than that. For example, recovery against her on the cause of action for property damage would not operate to reduce by a penny her recovery on the cause of action for wrongful death. Nor could recovery by her on the cause of action for wrongful death offset her liability under a judgment against her for the property damage. The two claims,—her own against respondent for wrongful death, and respondent's against her for property damage,—are in nowise reciprocal. In reality, she functions under two separate and distinct trusteeships having no relationship to each other beyond the fact that their origin is referable to the death of the same person."

The fact that appellant had pending a cause of action against the respondent as representative of the estate of the testate, could not operate to diminish or reduce respondents' recovery on the cause of action for wrongful death of their testate. The evidence of the pendency of the appellant's independent action was inadmissible. However, we should point out that the appellant had full opportunity to make out his defense of contributory negligence and will-fullness, and he was not precluded from so doing by the inadmissibility of the evidence relating to the fact that he had a separate action pending for his injury and damage.

Since it was proper for the trial Judge to exclude testimony as to the pendency of another action between the parties, it was likewise proper for him to refuse to charge the jury that the appellant could not interpose a counterclaim in the instant action but must bring a separate suit for his alleged injury and damage. What we

said in the case of *Green v. Bolen*, 237 S. C. 1, 115 S. E. (2d) 667, 672, is applicable. There we said:

"The issues upon which the trial Judge is required to instruct are only those which are raised by the pleadings and the evidence. There was no duty on the trial Judge to instruct the jury as requested by the appellant because such charge was not applicable to any issue in this case."

The only other question for determination is whether the trial Judge committed prejudicial error in charging the jury that pecuniary loss will be presumed where the beneficiaries of the action for wrongful death are the widow and minor children of the decedent, when it is undisputed that all of the decedent's children are adults.

The record shows that this wrongful death action was brought for the benefit of Mallie R. Ellison, the wife of Fred G. Ellison, and Bertha E. Dutcher, William Roy Ellison and Fred Calvin Ellison, children of the said Fred G. Ellison, the youngest of the children being thirty-six years of age.

This Court has held that where a wrongful death action is brought for the benefit of the widow and minor children of the deceased, in the absence of evidence to the contrary, actual pecuniary loss will be presumed as a result of the death. *Gilliam v. Southern Ry. Co.,* 108 S. C. 195, 93 S. E. 865; *Mishoe v. Atlantic Coast Line R. Co. et al.,* 186 S. C. 402, 197 S. E. 97; and *Nelson v. Charleston & W. C. Ry. Co.,* 231 S. C. 351, 98 S. E. (2d) 798. The appellant admits that if the testate had had minor children, the trial Judge's charge would have been correct. It was certainly correct insofar as it applied to the widow of the deceased. The appellant insists that since the complaint alleged and the undisputed testimony showed that the three children of the testate were all adults, the charge was inapplicable and constituted reversible error.

The undisputed evidence shows that Fred G. Ellison was sixty-three years of age at the time of his death and was

earning approximately Ten Thousand Dollars per year and had a life expectancy of 12.69 years.

The trial Judge, in addition to the portion of the charge to which exception was taken, instructed the jury, "But where such a suit as this is brought * * * a jury may award such an amount as they think proportioned to the injury suffered by these people as a result of the death, and as elements of such damages * * * it may include pecuniary loss that is money loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of the use and comfort of the deceased's society, the loss of his experience, knowledge and judgment in managing the affairs of himself and his beneficiaries, and the care and protection of his wife; * * *". The foregoing charge was practically a restatement of the elements of damage in wrongful death actions as is set forth in *Mishoe v. Atlantic Coast Line R. Co. et al., supra.* Since there is no exception by the appellant to the quoted charge, the record not showing anything to the contrary, we will assume that there was evidence to sustain the elements of damage submitted to the jury.

In the *Mishoe case* above cited, it was said [186 S. C. 402, 197 S. E. 106] :

"Where the law presumes a pecuniary loss to the beneficiaries, substantial damages, it is said, may be recovered without proof of special pecuniary loss. But the general rule is that in order to authorize a recovery of damages for death by wrongful act, the evidence must show the extent and amount thereof, or furnish facts and data as a basis from which the jury may approximate the proper amount with reasonable certainty. Since, however, direct proof of the value of human life is not possible, and what is reasonable compensation therefor must be left to the sound discretion and judgment of the jury, it is not necessary to show the precise money value of the deceased, or the exact amount of damages suffered by the beneficiaries, in order to sustain a

recovery of substantial damages where a foundation for the recovery of damages has been laid by the introduction of evidence tending to show the earning capacity of the deceased, or the existence of persons who were dependent upon him for support. 17 Corpus Juris, § 258, pages 1365-1366."

The giving of an erroneous instruction is not reversible error, unless the appellant can show that he was injured and prejudiced thereby. *Howell v. State Highway Department,* 167 S. C. 217, 166 S. E. 129; *McKain v. Camden Water, Light & Ice Co.,* 89 S. C. 378, 71 S. E. 949; *McKittrick v. Greenville Traction Co.,* 88 S. C. 91, 70 S. E. 414; *Jackson v. Southern Railway, Carolina Division,* 73 S. C. 557, 54 S. E. 231.

This Court has held that a charge, even if erroneous, on a matter not in issue, is not always considered prejudicial. *Lawrence v. Southern Railway, Carolina Division,* 169 S. C. 1, 167 S. E. 839; *Oglesby v. Rhea,* 124 S. C. 57, 117 S. E. 303.

The appellant calls to our attention the case of *Wright v. Harris,* 228 S. C. 144, 89 S. E. (2d) 97, where this Court said that it is reversible error to charge a correct principle of law as governing a case where such principle is inapplicable to the issue on trial. We held that where the attorney for the plaintiff stated that his action was founded upon fraud and deceit, it was reversible error for the Court to include instructions pertaining to a breach of contract accompanied by a fraudulent act. It is readily apparent that such a charge was prejudicial to the appellant.

In the case of *Citizens Bank of Darlington v. McDonald et al.,* 202 S. C. 244, 24 S. E. (2d) 369, it was held that where the sole agreed issue for trial was the genuineness of a payee's purported signature, an instruction on estoppel contradicted the agreed issue and conflicted with instruction on the issue and was necessarily confusing and misleading to the jury. We held that the giving of such conflicting and irrelevant instructions constituted reversible error.

In view of the allegations of the complaint and the undisputed testimony that all of the children of the deceased were adults, we do not see how the jury could possibly have been misled by the statement of the trial Judge to which exception was taken. In view of the undisputed evidence that the deceased was earning approximately Ten Thousand Dollars per year and had a life expectancy of over twelve years, we think there was a sufficient showing so as to make it unnecessary to indulge in any presumption as to pecuniary loss. Even though the charge of the trial Judge, to which exception was taken, was erroneous, under the facts of the case we think it was harmlessly so. This is particularly true for the reason that the trial Judge charged the jury what elements they could consider in making an award of damages to the respondents.

Considering the charge of the trial Judge as a whole, as we must in determining whether the instruction to the jury was prejudicial to the appellant in any particular, we think that the instruction to which exception was taken, even if erroneous, was harmless. *Koon v. Pioneer-Pyramid Life Ins. Co.*, 175 S. C. 117, 178 S. E. 503. We cannot see how the jury could have been misled by the instruction to which exception was taken, in view of the undisputed fact that the children of the deceased were all adults. We conclude that the instruction given the jury, even if erroneous, was not injurious or prejudicial to the appellant.

The exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

Taylor, C. J., and Oxner, Legge and Lewis, JJ., concur.