## 18879

Wardell WILSON, Respondent, v. Donald GLOCK, d/b/a Eau Claire
Garbage Service, and Albert Miller, Appellants

(166 S. E. (2d) 207)

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Appellants,*

*Messrs. Kneece & Kneece,* of Columbia, *for Respondent,*

February 21, 1969.

BRAILSFORD, Justice.

Wardell Wilson sued Donald Glock and Albert Miller in the Richland County Court for damage to his garbage truck caused by a collision with a garbage truck belonging to Glock and driven by Miller. The defendants appeal from a judgment for plaintiff for $500.00. The exceptions charge that the court erred in refusing the defendants' timely motion for a directed verdict and in instructing the jury as to damages.

In passing upon the first assignment of error, we view the evidence and the reasonable inference to be drawn therefrom in the light most favorable to the plaintiff. The collision occurred on Brickyard Road, north of the City of Columbia. This was the route to the city dump regularly used by the trucks of plaintiff and defendant, both of whom were in the garbage disposal business. Plaintiff's truck had dumped its load and was returning to Columbia. Defendant's truck, loaded with garbage, was approaching the dump downgrade and around several sharp S curves. As defendant's truck rounded one of these curves to its right, at a speed of fifty miles per hour, the driver saw two boys on bicycles approaching, one on either side of the roadway, and saw plaintiff's truck beyond the boys. There was no shoulder on his right, and he immediately applied his brakes. The rear wheels of the truck skidded into the left lane of the highway and struck plaintiff's truck, which had been brought to a stop with its right wheels on a narrow shoulder.

It is reasonably inferable from the evidence that the speed of defendant's truck was greater than was reasonable and prudent under the existing conditions, and that, because of it, the driver was unable to control the truck when, as he rounded the sharp curve, he observed the boys and plaintiff's truck approaching him. The issue of actionable negligence was properly submitted to the jury.

The defendants complain that the court, in effect, instructed the jury that a person whose motor vehicle has been damaged by a wrongdoer may have as damages the cost of repairing it, even though the cost of repairs exceeds the pre-collision value of the vehicle. Assuming that the instructions are susceptible of the construction placed upon them, error is apparent. However, we see no possibility of prejudice to the defendants, because plaintiff's truck was not repaired. Only the body, which was mounted on another truck, was, and the cost of repairs was less than

one-half the verdict. An erroneous, but harmless, instruction is not ground for reversal. *Ellison v. Simmons,* 238 S. C. 364, 120 S. E. (2d) 209; 4 West's South Carolina Digest, Appeal and Error, Key Nos. 1032 (3), 1064.

Defendants argue an additional question, "Was there sufficient evidence as to depreciation to allow the question thereof to go to the jury?", which is based upon an exception charging that the court erred in "refusing to grant Defendants' Motion for a directed verdict insofar as the depreciation of the plaintiff's truck was concerned * * *." Defendants' motion is unknown to our practice, inappropriate and was properly overruled. We fail to see how the court could have *directed a verdict* as to *depreciation* and yet allowed the jury to find the amount of actual damages to be awarded.

Even if an appropriate request for an instruction had been made, there would be no merit in the point. This is not a case in which collision injuries to a vehicle have been repaired, and the owner claims depreciation in value in addition to the cost of restoration. Here, the vehicle was not repaired. The complaint made no claim to depreciation as a distinct element of damage, and no such claim was made at the trial.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.