## (February 25, 1971)

EVELYN OSLEEB, as Administratrix of the Estate of GEORGE OSLEEB, Deceased, Appellant, v. CHARLES BLOCK et al., Respondents, et al., Defendants.

Concur — Stevens, P. J., Capozzoli, Markewich and Kupferman, JJ.; McGivern, J., dissents in the following memorandum: The defendant physician, Dr. Block, received a phone call about one o'clock on the morning of May 26, 1961. According to him, he was informed that a patient, a George Osleeb, was experiencing abdominal pain, was nauseous and vomiting. Hurrying over, and deciding the patient's pain was in the abdomen, but that his color was not blue, nor was he suffering from shortness of breath, nor was his blood pressure abnormal, he administered to him for his pain, and departed for another house call. Arriving thence, he received a second call from the Osleeb home to the effect that the patient was then experiencing a chest pain and was nauseous. The time then was " approximately two o'clock". He immediately ordered an ambulance. The disputed hospital entry says: " History taken post-mortem — Soon [sic] states that patient developed shortness of breath and chest pain at 2:00 A.M.". The son, who followed the ambulance to the hospital admits he spoke with a staff doctor after his father died, although he denies telling anyone the substance of the entry. The son, by the way, at the time was interning as an oral surgeon at the Bronx Municipal

Hospital, himself "on call" at the time. As such, he lacked no sophistication in respect of hospital entries. I agree with the majority that the "person who allegedly gave the information contained in the entry" was "presumably the son of the decedent". For two reasons, I find no error in the receipt of the entry as within CPLR 4518, and I find no reason to entertain even a suggestion that it was fabricated or self-serving. First, it was helpful and it was germane to an understanding of the medical aspects of the patient's hospitalization. (*Williams* v. *Alexander*, 309 N. Y. 283; *Shaughnessey* v. *City of New York*, 7 A D 2d 734.) It was a history of diagnosis and symptoms, and admissible. In contradistinction to a history of "cause of accident", which would have been inadmissible. (*Del Toro* v. *Carroll*, 33 A D 2d 160.) Secondly, the son was a distributee of his father's estate, and as the source of the information, the statement, as to him, qualified as an admission. (See *Central N. Y. Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110; *Guaranty Trust Co.* v. *State of New York*, 299 N. Y. 295, 301; *State of Maryland* v. *Branch Motor Express Co.*, 285 App. Div. 1078; Richardson, Evidence [8th ed.], § 313.) In any event, a jury has found for the defendant. We do not overrule a jury's verdict in favor of the defendant unless the record so preponderates in favor of the plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence. *Lalomia* v. *Biggers*, 25 A D 2d 742.) Finally, in a day of overcrowded calendars, it is unrealistic and wasteful of judicial time to order a new jury trial, nearly 10 years after the event, when it is patent that any ground for a malpractice recovery here is nonexistent. I would affirm.