## 24079

Phillip F. MOORE, Jr., Appellant v.
FLORENCE SCHOOL DISTRICT NO. 1, Respondent.
(444 S.E. (2d) 498

Supreme Court

*William P. Hatfield* of the *Hyman Law Firm,* and *Mary Layton Wells, Scott & Roberts, P.C.,* Florence, *for appellant.*

*C. Craig Young* and *Mark W. Buyck, Jr., Willcox, McLeod, Buyck, Baker & Williams, P.A.,* Florence, *for respondent.*

Heard April 6, 1994.

Decided May 23, 1994.

MOORE, Justice:

Appellant (Moore) commenced this action against respondent (School District) alleging he was damaged as the result of an unreasonable search of his car on school grounds. Four causes of action were submitted to the jury: (1) a civil rights violation under 42 U.S.C. § 1983; (2) a violation of the South Carolina Tort Claims Act; (3) defamation; and (4) false imprisonment. The jury returned a verdict for School District on all causes of action. We affirm.

## ISSUES

1. Whether Moore was was entitled to a directed verdict or judgment notwithstanding the verdict on his § 1983 cause of action.
2. Whether hearsay evidence was erroneously admitted.
3. Whether alleged affirmative defenses were improperly submitted to the jury.

## FACTS

On a school day during Moore's junior year at Wilson High School, a school security guard informed the principal, Allie Brooks, that someone had called the school to report there had been "activity" around the trunk of Moore's car parked in the school parking lot. Principal Brooks called the City of Florence Police Department expecting a narcotics agent with a dog to sniff out the car for drugs. Agent Freeman arrived but without the dog. It was then decided that Agent Freeman would conduct a search of Moore's car.

Prior to the search, Assistant Principal Bell came to Moore's classroom, and escorted Moore to the principal's office. There, Moore was told about the anonymous tip. Principal Brooks testified that at this point, "[Moore] said, 'Fine, you can search me,' and he put his keys on my desk and said, 'You can search my car.' " Principal Brooks, Assistant Principal Bell, and Agent Freeman then escorted Moore to his car in the parking lot. About this time the dismissal bell rang and Moore was seen by several students. A crowd developed while Agent Freeman searched Moore's car. No drugs were found. Moore testified he did not consent to the search.

## DISCUSSION

Moore contends he was entitled to a directed verdict or j.n.o.v. because the search was unreasonable and therefore violated his constitutional rights. We disagree and find School District is in fact the party that should have been granted a directed verdict on this cause of action.

Section 1983 allows a civil action to recover damages for deprivation of a constitutionally protected right.

Under *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. (2d) 611 (1978), a local government may not be sued under § 1983 for an injury inflicted by its employee or agent unless the injury was inflicted *pursuant to official government policy*. A local government cannot be held liable in a § 1983 action under a theory of respondeat superior. *Id.; see also Todd v. Smith*, 305 S.C. 227, 407 S.E. (2d) 644 (1991); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. (2d) 396 (1982); *Cone v. Nettles*, 308 S.C. 109, 417 S.E. (2d) 523 (1992) (suit against official in individual capacity).

In this case, Moore's theory at trial was that the search conducted by Principal Brooks was unreasonable under *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed. (2d) 720 (1985), because the anonymous tip was insufficient to provide a reasonable suspicion to justify the search and the search was unreasonable in scope. It is uncontested, however, that School District policy allows only a reasonable search based upon a reasonable belief. Moore argued before this Court that Principal Brooks failed to follow School District policy. Even if the search was unreasonable, as Moore contends, it was not conducted pursuant to official School District policy and School District is not liable under § 1983. Accordingly, we affirm the denial of Moore's motion for directed verdict or j.n.o.v.[1]

Moore contends the trial judge erroneously admitted hearsay regarding the anonymous tip relayed by the security guard, Paul Jackson, to Principal Brooks.[2] A ruling on the admission of evidence will not be disturbed ab-

---

[1] School District moved for directed verdict on the ground it had no liability under *Monell*. We conclude that motion was erroneously denied.

[2] Jackson was not allowed to testify at trial because he had failed to appear for a deposition.

sent a showing of prejudice. *Manning v. City of Columbia*, 297 S.C. 451, 377 S.E. (2d) 335 (1989). The contested evidence here related to Moore's claim that the search was unreasonable entitling him to damages under § 1983. As discussed above, School District is not liable on the § 1983 cause of action. Moore therefore cannot show prejudice from the admission of this evidence.

Moore claims the trial judge erred in charging the jury on the issue of consent to search and allowing counsel to argue consent. Moore contends consent is an affirmative defense that was not pleaded and therefore should not have been submitted to the jury. We need not determine whether consent is an affirmative defense in this case. Moore can show no prejudice from the charge on consent since School District is not liable on the § 1983 cause of action. *Ellison v. Simmons*, 238 S.C. 364, 120 S.E. (2d) 209 (1961) (giving of erroneous instruction is not reversible absent a showing of prejudice). Further, the record indicates no objection to counsel's argument to the jury regarding consent and this issue is not preserved for review. *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 399 S.E. (2d) 779 (1990) (issue not raised or ruled on below is not preserved).

Finally, Moore contends the trial judge erroneously charged the jury on discretion as an affirmative defense to the cause of action for violation of the Tort Claims Act because School District did not plead discretion as an affirmative defense.

The Tort Claims Act is a limited waiver of governmental immunity. S.C. Code Ann. § 15-78-20(a) (Supp. 1993). It provides that, subject to limitation, a government entity is "liable for [its] torts in the same manner and to the same extent as a private individual under like circumstances." S.C. Code Ann. § 15-78-40 (Supp. 1993). The Tort Claims Act does not create a new substantive cause of action against a government entity and the trial judge improperly submitted such a cause of action to the jury. Since this cause of action should not have been submitted to the jury, Moore can show no prejudice from the charge that discretion is an affirmative defense to suc a cause of action. *Ellison, supra*.

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and
WILLIAM P. KEESLEY, Acting Associate Justice, concur.